Michael BARNETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–134–CR.

Court of Appeals of Texas,
Waco.

May 1, 2002.

Angela L. Cameron, Houston, for appellant.

Charles Rosenthall, Jr., Dist. Atty., Kevin Keating, Asst. Dist. Atty., Marcy McCorvey, Asst. Dist. Atty., Lester Blizzard, Asst. Dist. Atty., Houston, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

BILL VANCE, Justice.

Michael Barnett was sentenced to seven years in prison after the trial court revoked his community supervision. A different attorney from the one who represented Barnett at the revocation hearing filed a motion for new trial, claiming Barnett's counsel at the revocation hearing was ineffective under constitutional standards. At a later hearing, the trial court ruled it could not consider the motion for new trial because it was not filed within thirty days of the original sentence of community supervision, two years earlier. On appeal, Barnett complains that (1) the trial court erred in refusing to hear the motion for new trial, and (2) his counsel at the revocation hearing was ineffective.

■ The trial court incorrectly found that the motion for new trial was untimely filed. Appellate Rule 21.4(a) states that a motion for new trial is timely filed within thirty days after "the date when the trial court imposes or suspends sentence in open court." TEX.R.APP. P. 21.4(a). When Barnett was originally placed on community supervision, sentence was not imposed but rather suspended. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2002). Sentence was imposed after community supervision was revoked; Barnett's motion was filed within thirty days of that and therefore was timely. *See e.g., Wilkerson v. State*, 395 S.W.2d 618, 619 (Tex. Crim.App.1965) (after revocation, motion was "duly filed" and overruled by trial court); *Baxter v. State*, 936 S.W.2d 469, 471–72 (Tex.App.-Fort Worth 1996, pet. ref'd improv. granted) (motion for new trial or objection necessary to preserve complaint about revocation hearing).

■ Having determined that the motion was timely filed and should not have been rejected by the trial court on that basis, we are faced with two lines of authority as to how to proceed. One line, developed in relation to motions for new trial filed after conviction, holds that the trial court is required to conduct a hearing on a motion for new trial if the defendant raises a matter "not determinable from the record." *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *Mendoza v. State*, 935 S.W.2d 501, 503 (Tex.App.-Waco 1996, no pet.). This is to ensure a meaningful appeal by creating a record that can be reviewed. *Mendoza*, 935 S.W.2d at 503 (citing *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994)). A defendant invokes the right to a hearing by submitting an affidavit showing "reasonable grounds" for a new trial. *Id.* Claims of ineffective assistance of counsel are properly raised in a motion for new trial. *Reyes*, 849 S.W.2d at 815. Applying this line of cases, if Barnett's affidavit attached

to his motion is adequate under this standard, the trial court should have conducted a hearing. Barnett's affidavit reads:

My name is Michael Barnett. In Feb. 2001 Mr. Ed Vanburen represented me on a motion to revoke probation in case Number 275955. Mr. Vanburen never went over my testimony prior to the hearing, he never paid me a visit in jail nor did he talk to me by phone while my case was pending. In fact I was unaware that I would be testifying until approximately 10 minutes before the hearing began. Mr. Vanburen had me sign a stipulation of evidence and when I asked him what it was he told me trust him. I specifically asked him would it affect my appeal and he said no. Mr. Vanburen never prepared any of my witnesses prior to their testimony either.[1]

We find that the affidavit raises "reasonable grounds" for a new trial. *Mendoza,* 935 S.W.2d at 503.

However, another line of cases holds that a trial court is not required to consider a motion for new trial filed after a proceeding to revoke community supervision, because a jury is not involved in that proceeding. *Glaze v. State,* 675 S.W.2d 768, 769 (Tex.Crim.App.1984); *Ochoa v. State,* 536 S.W.2d 233, 234 (Tex.Crim.App. 1976); *Ausborne v. State,* 499 S.W.2d 179, 180 (Tex.Crim.App.1973); *Taylor v. State,* 172 Tex.Crim. 45, 353 S.W.2d 422, 424 (1962); *Munoz v. State,* 155 Tex.Crim. 223, 233 S.W.2d 494, 496 (1950); *Eubanks v. State,* 11 S.W.3d 279, 280 (Tex.App.-Texarkana 1999, no pet.); *Berry v. State,* 976 S.W.2d 735, 737 (Tex.App.-Tyler 1998, no pet.); *Gipson v. State,* 669 S.W.2d 351, 353

(Tex.App.-Fort Worth 1984, no pet.). But the Court of Criminal Appeals cases on which this general rule is based predate the holding in *Reyes* that claims of ineffective assistance of counsel are properly raised in a motion for new trial so that the record can be complete. *Reyes,* 849 S.W.2d at 815. These cases also do not address the problem of how other claims based on facts not determinable from the record may be developed in the trial court without a hearing. We must decide if, after *Reyes,* the general rule should be modified.

 The right to effective assistance of counsel extends to the time period for filing and presenting a motion for new trial after a conviction. *Prudhomme v. State,* 28 S.W.3d 114, 118–19 (Tex.App.-Texarkana 2000, no pet.); *Hanson v. State,* 11 S.W.3d 285, 288 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Massingill v. State,* 8 S.W.3d 733, 736 (Tex.App.-Austin 1999, no pet.); *Burnett v. State,* 959 S.W.2d 652, 656 (Tex.App.-Houston [1st Dist.] 1997, pet ref'd). It further extends to the hearing on a motion for new trial after conviction. *Trevino v. State,* 565 S.W.2d 938, 940–41 (Tex.Crim.App.1978). In addition, it extends to a hearing to revoke community supervision. *Chetwood v. State,* 31 S.W.3d 368, 370 (Tex.App.-San Antonio 2000, pet. ref'd).[2] It would be illogical for the right to exist at these critical times in the criminal proceeding, yet for there not to be, in some instances, a mechanism to compel a hearing at which facts could be adduced to support an alleged violation of the right. The concern expressed in *Trevino* is that a hearing on a motion for new trial is "the

---

1. Barnett's affidavit meets the requirements of chapter 132 of the Civil Practice and Remedies Code regarding unsworn declarations by inmates. TEX. CIV. PRAC. & REM.CODE ANN. ch. 132 (Vernon 1997).

2. Therefore, by logical extension, it extends to the time period for filing and presenting a motion for new trial after revocation of community supervision, and to a hearing on the motion.

only opportunity to present to the trial court certain matters that may warrant a new trial, and to make a record on those matters for appellate review." *Trevino,* 565 S.W.2d at 940. As a matter of judicial economy, it is preferable that claims of ineffective assistance of counsel be developed, when possible, at the trial court, rather than waiting to file for habeas corpus relief under article 11.07. TEX.CODE CRIM. PROC. ANN. art 11.07 (Vernon Supp. 2002). Furthermore, Appellate Rule 21.2, stating that a motion for new trial is a prerequisite for appeal "only when necessary to adduce facts not in the record," suggests that if facts not in the record need to be adduced, the trial court should conduct a hearing.

The Dallas court reached a similar conclusion in *Owens v. State,* 763 S.W.2d 489 (Tex.App.-Dallas 1988, pet.ref'd). The defendant filed a motion for new trial after probation was revoked, stating as grounds, *inter alia,* ineffective assistance of counsel. *Id.* The trial court denied the motion. *Id.* The Dallas court held that the affidavit filed with the motion "comprises a sufficient pleading to present matters which should have been taken up at a hearing." *Id.* at 492. The court cited *Trevino,* said the defendant had been denied "a meaningful appellate review," and set aside the revocation.

■ We hold that after *Reyes,* and in keeping with principles of judicial economy, Barnett was entitled to a hearing on his motion. Accordingly, we remand this cause to the trial court for a hearing on Barnett's motion for a new trial. The parties may appeal anew, as prescribed by the applicable statutes and rules, from the disposition in the trial court of the motion. *Price v. State,* 826 S.W.2d 947, 948 (Tex. Crim.App.1992); *Mendoza v. State,* 935 S.W.2d 501, 504 (Tex.App.-Waco 1996, no pet.). The appellate timetable for a new appeal shall commence on the earlier of: (1) the date of the ruling on the motion for a new trial, or (2) the seventy-fifth day after our mandate issues. TEX.R.APP. P. 2, 18.1, 21.8, 26.2, 43.6.