WILLIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-117-CR

        2-02-118-CR

GREGORY LYNN WILLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

Appellant was given deferred adjudication pursuant to pleas of nolo contendere to two felony charges.  He appeals from judgments adjudicating his guilt and sentencing him to two and five years’ confinement, respectively.  We affirm the trial court’s judgments.

BACKGROUND FACTS

In 1997, Appellant was charged in two indictments with aggravated assault with a deadly weapon and aggravated robbery with a deadly weapon. Pursuant to a Mental Health and Mental Retardation (“MHMR”) staff psychiatrist’s recommendation and on the motion of Appellant’s counsel, the trial court ordered a competency examination.  Following his examination by a court-appointed psychiatrist, a jury found Appellant not competent to stand trial.  The trial court adjudged Appellant incompetent and ordered that he be sent to Vernon State Hospital.  After a ninety-day commitment period, and based upon the opinion of the hospital psychiatrist, the trial court rendered a judgment, without objection by Appellant or his counsel, that he was competent to stand trial.

Pursuant to a plea bargain and stipulation of evidence, Appellant then pleaded nolo contendere to both charges and was placed on deferred adjudication community supervision for eight years, upon the condition that he be placed on the MHMR caseload for counseling.  In 1998, the conditions were modified to include electronic monitoring.  In 1999, the conditions were modified again to require Appellant to submit to psychiatric treatment.

The State subsequently filed a petition to revoke community supervision and proceed to adjudication, based on Appellant’s failure to conform to the required conditions.  Appellant pleaded true to the alleged violations in the petition to adjudicate by open plea to the trial court.  On April 2, 2002, the trial court signed judgments revoking Appellant’s community supervision, adjudicating Appellant’s guilt, and sentencing him to two years’ confinement for the aggravated assault and five years’ confinement for the aggravated robbery, both sentences to run concurrently, with admission to the MHMR treatment program.  Following adjudication and sentence, the trial court also signed judgments 
nunc pro tunc
 to reflect that Appellant had initially been placed on deferred adjudication community supervision, rather than regular community supervision as shown by the judgment forms initially used.

Following his adjudication and sentencing, Appellant timely filed a motion for new trial, which was denied without a hearing, complaining of ineffective assistance of counsel when he entered his original pleas, involuntariness of his pleas, and factual insufficiency of evidence to support the judgments; that the judgments were contrary to the law and evidence and that he could not conform to the conditions of his community supervision because of mental disease or defect and diminished mental capacity.  Appellant timely filed a notice of appeal after adjudication and sentencing, stating that he was appealing the voluntariness of his original plea.  

In his point on appeal, Appellant complains that the trial court abused its discretion in failing to grant a hearing on his motion for new trial.  He also complains of the:  (1) involuntariness of his original plea; (2) ineffectiveness of counsel at the original proceeding; and (3) the fact that the original judgments were void, thus the trial court had no jurisdiction to adjudicate him, revoke his community supervision, or sentence him to confinement.      

PROCEDURAL LIMITATIONS ON APPEAL

Former rule of appellate procedure 25.2(b)(3) was in effect when Appellant filed his notice of appeal.  
See
 
Tex. R. App. P
. 25.2(b)(3), 948-49 S.W.2d (Tex. Cases) XCVI (1997, amended 2003).  The provisions of that former rule provide the procedure to be followed in order to complain on appeal of matters related to deferred adjudication as well as subsequent adjudication and sentencing.  
See Bayless v. State, 
91 S.W.3d 801, 806 (Tex. Crim. App. 2002) (clarifying that former rule 25.2(b)(3) provided procedure to be followed for appeal from plea-bargained conviction);
 Woods v. State
, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002) (holding that provisions of former rule 25.2(b)(3) control an appeal, whether made before or after an adjudication of guilt, by a defendant placed on deferred adjudication who challenges an issue related to his conviction).

Appellant’s notice of appeal specified only that he was appealing the involuntariness of his pleas.  Under former rule 25.2(b)(3), where the appeal is from a judgment rendered on a plea of guilty or nolo contendere and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must (1) specify that the appeal is for a jurisdictional defect; (2) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (3) state that the trial court granted permission to appeal.  
See
 
Tex. R. App. P
. 25.2(b)(3), 948-49 S.W.2d (Tex. Cases) XCVI (1997, amended 2003); 
Bayless, 
91 S.W.3d at 806; 
Woods
, 68 S.W.3d at 669.

Rule 25.2(b)(3) precludes a complaint of involuntariness of a plea-bargained conviction on appeal absent permission of the trial court.  
Cooper v. State
, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).  Likewise, in an appeal from a plea-bargained conviction, ineffectiveness of counsel can only be raised with permission of the trial court, which permission must be specified in the notice of appeal.  
Woods v. State,
108 S.W.3d 314, 316 (Tex. Crim. App. 2003); 
see also Allen v. State
, 84 S.W.3d 413, 415 (Tex. App.—Fort Worth 2002, no pet.).  Further, in 
White v. State
, the court of criminal appeals held that in order to appeal a jurisdictional issue, a notice of appeal must specify that the appeal is for a jurisdictional defect, in compliance with rule 25.2(b)(3)(A).  61 S.W.3d 424, 428 (Tex. Crim. App. 2001).

In his notice of appeal, Appellant failed to specify that he was appealing lack of jurisdiction or ineffectiveness of counsel, nor did he state that he had obtained permission of the trial court to appeal the voluntariness of his pleas. Therefore, Appellant is precluded from raising those issues in this appeal. 
 Woods
, 68 S.W.3d at 669; 
White
, 61 S.W.3d at 428; 
Cooper, 
45 S.W.3d at 83. 

Additionally, a defendant is precluded from later claiming error in the original plea proceedings by an appeal after revocation of community supervision; he must complain of any such error by appeal after the conditions are first imposed.  
Tex. R. App. P.
 26.2; 
Manuel v. State
, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999) (holding defendant given deferred adjudication community supervision, like a defendant placed in regular community supervision, may appeal issues related to the original proceeding only when deferred adjudication is first imposed).

Because Appellant’s notice of appeal does not satisfy rule 25.2(b)(3) with respect to the errors claimed to have occurred in his original plea proceeding, his notice is insufficient to allow this court to consider his claimed errors of involuntariness or ineffectiveness of counsel unless the original judgments were void as discussed below.  Further, and also subject to the voidness argument, to the extent that his complaints relate to the proceedings at the time his conditions were first imposed, Appellant raised his complaints regarding the proceedings involving his nolo contendere pleas too late to invoke this court’s jurisdiction.

VOIDNESS COMPLAINT

Appellant first contends that this case is not governed by rule 25.2(b)(3) because the plea bargain in 1997 called for deferred adjudication, but the court signed wrong judgments finding him guilty and assessing punishment, thus placing him on “regular” or straight probation, rather than deferring adjudication.  Therefore, Appellant argues, the trial court actually rejected the plea bargain, and he should thus be entitled to raise the errors complained of in this appeal without the extra-notice requirements imposed by the former rule. Appellant also contends that, because the trial court signed the original judgments contrary to the plea bargain, the original judgments are void.  Additionally, he contends that the judgments in the adjudication proceeding are void because the trial court’s authority to order community supervision for the two charged felony offenses involving use of a deadly weapon was statutorily limited to deferred adjudication.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, §§ 3g(a)(1)(F) & 3g(a)(2) (Vernon Supp. 2003).  He reasons that, because the original judgments are void, the trial court had no authority to proceed to revoke the community supervision, to purport to accept his pleas, and to proceed to adjudication and sentencing.  He therefore concludes that the subsequent judgments are likewise void and could not be cured by the later 
nunc pro tunc
 judgments.

If Appellant’s argument is correct, his complaint of voidness negates the applicability of former rule 25.2(b)(3).  The State concedes that, unless errors in the original judgments were cured by the 
nunc pro tunc
 judgments, the entire proceedings from the time Appellant was originally placed on community supervision are void.  Additionally, we note that, in
 Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001), the court of criminal appeals held that a defendant appealing from revocation of deferred adjudication may attack an underlying void judgment as a rare “exception” to the rule 
that issues relating to the original plea cannot be attacked in appeals after revocation of deferred adjudication or probation.
(footnote: 1)  
Therefore, we consider Appellant’s voidness complaint.

Other than the bare assertion that the 
nunc pro tunc
 judgments changed only the nomenclature of the prior judgments without changing the terms, Appellant has not briefed his voidness complaint and cites no authority for the 

proposition that the judgments 
nunc pro tunc
 could not have cured the error in the original judgments.  Moreover, as pointed out by the State, the certificate of proceedings completed by the clerk of the court on the date of the original judgments specifies that sentence was “deferred” for eight years.

The judgment forms signed by the judge show a finding on the use of a deadly weapon in both cases as “deferred,” and the space for entering the punishment was left blank.  There is no reporter’s record for the plea proceedings.  Appellant did not appeal from the judgments.  When the State sought to terminate the community supervision, it filed a “petition to adjudicate.”  The judgments signed upon revoking the community supervision and accepting Appellant’s pleas are entitled “Judgment Adjudicating Guilt.”  It appears that the trial court entered the judgment
 nunc pro tunc
 within twenty-four hours of adjudicating Appellant guilty, apparently noticing the error in the previous judgments and thereby correcting the previous error by substituting the correct form with a paragraph reflecting that punishment was deferred.  Appellant did not complain in his motion for new trial or notice of appeal about the previous erroneous judgments.  

It appears from the record that the trial court merely used the wrong forms, signing judgments for regular community supervision instead of “deferred” adjudication.  The record contains evidence that the State and Appellant agreed on eight years’ deferred adjudication with community supervision, and there is no evidence that the trial court judicially determined to enter a judgment for regular community supervision, rather than deferred adjudication as agreed.  It appears that all parties believed that Appellant was originally given deferred adjudication and that the error in using the wrong forms was clerical.

A clerical error does not render a judgment void.  
See Ex parte Wingfield
, 152 Tex. Crim. 112, 282 S.W.2d 219, 220 (1955).  A clerical error may be corrected at any time by a judgment 
nunc pro tunc
.  
Wilson v. State
, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984); 
see also Ex parte Hannen
, 155 Tex. Crim. 10, 228 S.W.2d 864, 866-67 (1950) (holding that judgment could be corrected “to make the record speak the truth” where specific punishment assessed but judgment entered showed otherwise due to clerical error).  A clerical error is one that does not result from judicial reasoning or determination.  
State v. Bates
, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994);
 see also Jones v. State
, 795 S.W.2d 199, 200 n.1 (Tex. Crim. App. 1990) (noting purpose of judgment 
nunc pro tunc 
is to correctly reflect from the records of the court a judgment actually made but which, for some reason, was not entered of record at the proper time).  A judicial error occurs when the record “is devoid of any indication that this order was mistakenly or inadvertently signed by the trial court.”
  Smith v. State
, 15 S.W.3d 294, 300 (Tex. App.—Dallas 2000, no pet.).  

We hold that the error in the earlier judgments was clerical and that the judgments 
nunc pro tunc
 validly corrected and related back to the original judgments.  
Jones
, 795 S.W.2d at 200 n.1 (noting that legal term “
nunc pro tunc
” is usually defined as “‘Lat.  Now for then.  A phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, 
i.e
., with the same effect as if regularly done. [citations omitted]’  
Black’s law Dictionary
 1218 (Rev. 4
th
 ed. 1968)”).  Therefore, the subsequent revocations, adjudications, and sentences were not void.   

MOTION FOR NEW TRIAL

Finally, because Appellant has raised the issue of the denial of a hearing on the motion for new trial after his adjudication and sentence, we will consider that issue to the extent that the issues in the motion for new trial are unrelated to his conviction.  
See Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (holding that rule 25.2(b)(3) did not apply to complaint that appellant was deprived of punishment hearing following revocation of community supervision and adjudication of guilt because that issue was unrelated to conviction); 
see also Feagin v. State
, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998) (holding that appellant could attack propriety of revocation of regular community supervision by issue unrelated to conviction).  

We are cognizant of the recent decision of the court of criminal appeals in 
Donovan v. State
, 68 S.W.3d 633, 635-36 (Tex. Crim. App. 2002), holding that a motion for new trial is not available when deferred adjudication and community supervision are first imposed because there is not yet a finding or verdict of guilt as required by rule 21.1 of the rules of appellate procedure.  
Tex. R. App. P.
 21.1 (defining “new trial” as “rehearing of a criminal action after a trial court has, on the defendant’s motion, set aside a finding or verdict of guilt”).  The court further held that a motion for new trial complaining of the original plea proceedings is only available after adjudication upon written motion by the defendant within thirty days after his plea and deferment of adjudication.  
Donovan
, 68 S.W.3d at 637-38 (citing
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(a) (Vernon Supp. 2003)).

Without mentioning 
Donovan
, Appellant argues that the motion for new trial filed after acceptance of his plea and his adjudication of guilt following revocation for violation of a condition of his community supervision constituted the first opportunity for him to develop evidence outside the record concerning involuntariness of his original pleas and ineffectiveness of counsel at that time, as set forth in his motion for new trial.   Based on 
Donovan
, we are constrained to disagree that this avenue of relief was open to Appellant.  

In his brief, Appellant intimates that his motion for new trial also encompassed a claim that counsel was ineffective at “any later stages of the proceedings.”  He additionally claimed in his motion for new trial that he was unable to conform to the conditions of his community supervision because of mental disease or diminished mental capacity.  Appellant relies upon 
Barnett v. State,
 76 S.W.3d 739 (Tex. App.—Waco 2002, pet. ref’d), which held that a trial court abused its discretion in failing to hear a motion for new trial filed after revocation of community supervision.  
Id
. at 742.  In that case, however, the revocation was of regular community supervision with a suspended sentence, not deferred adjudication.  
Id. 
 Additionally, the motion for new trial complained specifically of ineffectiveness of counsel at the post-revocation proceedings.  We find no mention in Appellant’s motion for new trial or in his affidavit of ineffectiveness of counsel at any time other than in his original plea proceedings.  In any event, we conclude that the trial court did not abuse its discretion in denying the motion for new trial without a hearing.

We first address “whether, on this record, the trial court could have reasonably denied [A]ppellant a hearing on his motion for new trial.”  
Wallace v. State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).  The purpose of the hearing is to allow a defendant an opportunity to develop the matters raised in his or her motion.  
Id
.; 
Martinez v. State
, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002).  We review the trial court’s denial of Appellant’s request for a hearing on his motion for new trial under an abuse of discretion standard.  
Wallace
, 106 S.W.3d at 108; 
Martinez
, 74 S.W.3d at 22.

An evidentiary hearing on a defendant’s motion for new trial is necessary only if the motion and accompanying affidavit(s) “rais[e] matters not determinable from the record, upon which the accused could be entitled to relief.”  
Wallace
, 106 S.W.3d at 108 (citing 
Reyes v. State
, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)); 
see Barnett, 
76 S.W.3d at 740; 
Mallet v. State
, 9 S.W.3d 856, 868 (Tex. App.—Fort Worth 2000, no pet.).  However, “[t]o be sufficient to entitle the defendant to a hearing, the motion for new trial and accompanying affidavit(s) ‘need not establish a prima facie case’ for a new trial.”  
Wallace
, 106 S.W.3d at 108 (citing 
Jordan v. State
, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994)).  Instead, they “must merely reflect that reasonable grounds exist for holding that such relief could be granted.”  
Id
. (citing 
Martinez
, 74 S.W.3d at 22).  “Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist.”  
Daniels v. State
, 63 S.W.3d 67, 70 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (citing 
Jordan
, 883 S.W.2d at 665).

Whether Appellant was denied effective assistance of counsel in advising him of an insanity defense or investigating his diminished mental capacity and whether he was capable of conforming his conduct to the conditions imposed by community supervision are matters not determinable from the record.  
See
 
Wallace
, 106 S.W.3d at 108; 
Mallet
, 9 S.W.3d at 868.  Nevertheless, we conclude that Appellant’s affidavit is too conclusory to require a hearing.
(footnote: 2)  
See King v. State
, 29 S.W.3d 556, 568-69 (Tex. Crim. App. 2000) (holding that bare assertions in verified motion for new trial failed to establish facts entitling appellant to a new trial; thus, the trial court did not err in refusing to hold a hearing); 
Buerger v. State
, 60 S.W.3d 358, 362-63 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (holding affidavit was too conclusory, in part, because despite appellant’s mental incompetence claim, he “did not allege what medication he needed; why it was needed or how its absence affected his competency during the hearing; what aspect of the hearing he failed to appreciate . . . ; or what he would have changed if he had been alert and oriented”); 
Watson v. State
, 37 S.W.3d 559, 561 (Tex. App.—Beaumont 2001, no pet.) (holding that defendant’s affidavit stating, “I wish to state that I did not intelligently, knowingly or voluntarily enter my plea.  I did not understand the plea agreement fully, and I did not understand the consequences of my plea,” was too conclusory).

Thus, we hold that Appellant did not meet his burden of showing that reasonable grounds existed for holding that relief could be granted on his motion.  
See Wallace
, 106 S.W.3d at 108.  Accordingly, we cannot say that the trial court abused its discretion in refusing to conduct a hearing on Appellant’s motion for new trial, and we therefore overrule his point.

Conclusion

Having overruled Appellant’s point, we affirm the trial court’s judgments. 

ANNE GARDNER

JUSTICE

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DAUPHINOT, J., files concurring opinion.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  August 29, 2003

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-02-117-CR

        2-02-118-CR

GREGORY LYNN WILLIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

CONCURRING OPINION

------------

For the reasons previously stated in my dissent from 
Allen v. State
,
(footnote: 3) and because the sentence after revocation and adjudication was not plea-bargained,
(footnote: 4) I would hold that former rule of appellate procedure 25.2(b)(3) does not apply.  Additionally, if 25.2(b)(3) did apply, then we would have to hold that jurisdiction attached by waiver, a legal impossibility.
(footnote: 5)  I therefore concur  with the outcome reached by the majority.

LEE ANN DAUPHINOT

JUSTICE

DELIVERED:  August 29, 2003

FOOTNOTES
1:
Arguably, 
Nix
 does not aid Appellant.  First,
 Nix
 involved a plea of guilty to a misdemeanor, to which rule 25.2(b)(3) does not apply.
  
However, in 
Jordan v. State
, involving felony convictions and decided on the same date as
 Nix,
 the court of criminal appeals expressly referenced its reaffirmation of the “void judgment” exception in 
Nix
.  54 S.W.3d 783, 785 (Tex. Crim. App. 2001).  Nevertheless, 
Nix
 was decided before 
White, 
in which the court of criminal appeals held that compliance with rule 25.2(b)(3) was a prerequisite for invoking a court of appeals’s jurisdiction over a jurisdictional defect.  61 S.W.3d at 428.      

2:
In pertinent part, Appellant stated in his affidavit,

I was denied the effective assistance of counsel at my trial in that: 

Counsel failed to adequately conduct an independent investigation; 

Counsel failed to communicate in a meaningful manner with the Defendant so as to insure that the Defendant could make informed choices in the defense of his case; 

Counsel failed to investigate, prepare, file, or present an insanity defense despite the extensive mental health history demonstrating the defendant’s diminished mental capacity and mental disease or defect that prevented him from knowing right from wrong at the time of the offense; and

Counsel failed to insure that the defendant’s plea of guilty was knowing and voluntary.

Counsel’s failures cited above created sufficient “cause” and coupled with the sentence imposed demonstrate sufficient “prejudice” so as to meet both prongs of the 
Strickland
 test for showing a reasonable probability that the Defendant received ineffective assistance of counsel. . . . Counsel’s performance fell well below the professional standards of competent counsel. . . . The failings of counsel were neither proper strategic or tactical choices that should be condoned by this Court.  But for counsel’s conduct a different result would have occurred herein.

The Defendant’s plea of guilty is involuntary in that . . . counsel never prepared for, investigated or advised the defendant of the defense of insanity or took steps to present the same prior to the entry of the original plea of guilty herein. . . . The Defendant was denied the effective assistance of counsel in that his counsel affirmatively mislead him as to material facts and the applicable law so as to get him to enter a plea of Guilty which he would not have otherwise entered.

The Defendant requests that the Court set-aside and withdraw its judgment and grant a new trial because of the inability of the defendant to conform his conduct to the terms and conditions of his community supervision because of mental disease or defect and his diminished mental capacity.

3:
84 S.W.3d 413, 418 (Tex. App.—Fort Worth 2002, no pet.) (Dauphinot, J., dissenting).

4:
See Edwards v. State
, 106 S.W.3d 377, 379 (Tex. App.—Fort Worth  2003, no pet.).

5:
Ex parte Smith
, 650 S.W.2d 68, 69 (Tex. Crim. App. 1981); 
see
 
Ex parte McCain
, 67 S.W.3d 204, 215 n.6 (Tex. Crim. App. 2002); 
Garcia v. Dial
, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980).