**Chad Fenley DAVIS, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–06–00009–CR.**

Court of Appeals of Texas,
Waco.

July 11, 2007.

Richard E. Wetzel, Attorney At Law, Austin, for Appellant/Relator.

Bill R. Turner, Brazos County District Atty., Bryan, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Appellant Chad Fenley Davis was convicted on one count of capital murder. Punishment was automatically fixed at life in prison. Davis brings eleven issues on appeal.

### Background

The trial court pronounced Davis's sentence in open court on December 9, 2005 and allowed retained trial counsel to withdraw at that time. On January 6, 2006, Davis filed a *pro se* notice of appeal and a motion for new trial. Six days later, he filed a pauper's oath requesting a free record and appointed counsel. Later, Davis filed two untimely amendments to his motion for new trial. The trial court took no action on the motion, which was then overruled by operation of law. The trial court also failed to act on Davis's request for appointed counsel, and Davis filed a second request on April 17, 2006. Following a hearing, counsel was appointed for purposes of appeal the following day.

In his first issue, Davis argues that he was denied the right to counsel during a critical phase of the proceeding, the time period in which to prepare, file, present and obtain a hearing on his motion for new trial.

### Right to Counsel

Criminal defendants have a constitutional right to assistance of counsel at every critical stage of a criminal prosecution, absent a valid waiver of the right. *Upton v. State,* 853 S.W.2d 548, 553 (Tex. Crim.App.1993). The period for filing a motion for new trial and the hearing on the motion are critical stages at which a defendant is entitled to counsel. *See Connor v. State,* 877 S.W.2d 325, 326 (Tex. Crim.App.1994); *Prudhomme v. State,* 28 S.W.3d 114, 119 (Tex.App.-Texarkana 2000, order).

To prevail on a claim of deprivation of counsel during the time to prepare, file and present a motion for new trial, Davis must affirmatively prove that he was not represented by counsel during this critical stage of the proceedings. *See Garcia v. State,* 97 S.W.3d 343, 347 (Tex.App.-Austin 2003, no pet.) (citing *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App. 1998)). When the record does not reflect that trial counsel withdrew or was replaced by new counsel after sentencing, there is a rebuttable presumption that trial counsel continued to effectively represent the defendant during the time limit for filing a motion for new trial. *Smith v.*

*State,* 17 S.W.3d 660, 662–63 (Tex.Crim. App.2000).

 We find that this presumption is inapplicable here or has been rebutted. Davis was effectively without counsel from the time of his sentencing on December 9, when his trial counsel withdrew, until April 18, when appellate counsel was appointed.[1] The presumption does not apply when counsel has withdrawn and a defendant is without counsel during the crucial thirty days to prepare and file a motion for new trial, or the ten days in which to present the motion to the trial court. *Garcia,* 97 S.W.3d at 348; *see* TEX.R.APP. P. 21.4, 21.6.

The State points to Davis's pauper's oath which contains a fax stamp from his trial counsel's law firm and the quality of his original motion for new trial to show that, although he withdrew, trial counsel continued to represent Davis during this timeframe. However, Davis's motion for new trial, in which he alleged that a disqualified juror served on the jury, was never presented to the trial court, and a hearing on the motion was never requested. The record also reflects that Davis filed two untimely amended motions for new trial in which he raised the additional grounds that trial counsel provided ineffective assistance, the trial court abused its discretion by admitting evidence of extraneous offenses, and the prosecutor engaged in prosecutorial misconduct. These additional grounds were likewise never brought to the attention of the trial court. Although Davis filed a pauper's oath containing his trial counsel's fax stamp and a timely *pro se* motion for new trial, we find that this record rebuts the presumption that he was adequately counseled regard-

ing his rights. *See Prudhomme,* 28 S.W.3d at 120.

### Harm

 Except for certain federal constitutional errors deemed structural by the United States Supreme Court, no error is categorically immune to a harmless error analysis. *See Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997); *Massingill v. State,* 8 S.W.3d 733, 737 (Tex.App.-Austin 1999, no pet.). Structural errors are those constitutional violations that infect the conduct of a trial from beginning to end. *See Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). One example of a structural error is the total deprivation of counsel at trial. *Id.* at 309, 111 S.Ct. at 1246. Not every partial denial of counsel is structural error and harmful. *See Massingill,* 8 S.W.3d at 737 (citing *Coleman v. Alabama,* 399 U.S. 1, 10–12, 90 S.Ct. 1999, 2004, 26 L.Ed.2d 387 (1970)). The denial of counsel in the present case, limited to the time period for preparing and presenting a motion for new trial, is not structural error and is, therefore, subject to a harm analysis for constitutional error.

 Because Davis was denied counsel, he was deprived of important opportunities which he would have otherwise had as of right, such as the opportunity to present his motion to the trial court, to have a hearing, and to make a record for appellate review. *Prudhomme,* 28 S.W.3d at 121. We conclude that Davis was harmed and is entitled to relief. Accordingly, we sustain Davis's first issue. We do not address the remaining issues.

---

1. The State alleges that Davis stated that he intended to retain different counsel after his trial counsel withdrew. However, the only statement in the record to support this contention is the statement by the trial court at an April 2006 status hearing that: "I believe the defendant was intending to retain counsel." We do not find the trial court's recollection sufficient to establish Davis's intent to retain counsel during the critical period.

## Remedy

 Sixth Amendment violations, such as deprivation of counsel, "are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation." *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981); *Massingill*, 8 S.W.3d at 738. The deprivation of counsel in this case did not contribute to Davis's conviction or punishment, and reversal of the trial court's judgment is not required. *See* TEX.R.APP. P. 44.2(a). Instead, we abate the appeal and remand the cause to the trial court to the point at which a motion for new trial can be filed, presented, and heard.

The timetable for the motion for new trial shall begin running anew from the date of this opinion. If the trial court grants the motion for new trial, this record must be supplemented with a copy of the trial court's order and this appeal will be dismissed. If the trial court overrules the motion for new trial, the record will be supplemented with a copy of the trial court's order, the court reporter's record of any hearing on such motion, and other matters pertaining to the procedure after remand. The parties will be permitted to brief any issues properly raised.

The submission of June 6, 2007 is set aside and the cause is abated.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The review of this criminal judgment should not be delayed by an abatement proceeding. I see no impediment presented by the current procedural posture of this proceeding, the state of the record, and the issues presented to prevent us from proceeding with a disposition of this appeal on the merits.

The trial court stated on the record why new counsel was not immediately appoint-ed. *See Davis v. State*, 228 S.W.3d 917, at 920, n. 1 (Tex.App.-Waco 2007, order). There was no objection, correction, or evidence in contravention of his recollection of the events and, thus, we should accept that statement on and for the record as accurate. *Loredo v. State*, 159 S.W.3d 920, 923 (Tex.Crim.App.2004). ("The [Tenth] Court of Appeals disregarded the fact that the trial court's ruling was based not on the record but on the judge's erroneous recollection, which was stated on the record explicitly for the parties to correct, if necessary.")

Further, we should not abate this proceeding. In a virtually identical procedural posture, no hearing on a motion for new trial as opposed to allegedly deprivation of counsel to prepare and present a motion for new trial, both yielding the result of failure to have a hearing on a motion for new trial, we do not abate the proceeding. When a hearing on a motion for new trial is ordered, we remand the proceeding and restart the appellate clock. *Mendoza v. State*, 935 S.W.2d 501, 504 (Tex.App.-Waco 1996, pet. ref'd); *Brewer v. State*, No. 10–04–00001–CR, 2005 Tex.App. LEXIS 874, 2005 WL 241230 (Tex.App.-Waco Feb.2, 2005, no pet.); *Barnett v. State*, 76 S.W.3d 739 (Tex.App.-Waco 2002, pet. ref'd); *Dockery v. State*, No. 10–00–00011–CR (Tex.App.-Waco Aug. 22, 2001, no pet.) (not designated for publication).

Based upon the majority's perceived deprivation of counsel, that is the proper remedy in this instance. The majority's disposition is final and may confuse the appellant about what must be done to protect the right to further review. *Id.*

For these reasons, I would not abate this proceeding; accordingly, I dissent.