IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00009-CR

 

Chad Fenley Davis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 04-01287-CRF-85

 



DISSENTING Opinion










 

            The review of this criminal judgment
should not be delayed by an abatement proceeding.  I see no impediment
presented by the current procedural posture of this proceeding, the state of
the record, and the issues presented to prevent us from proceeding with a
disposition of this appeal on the merits.

            The trial court stated on the record
why new counsel was not immediately appointed.  See Davis v. State,
____ S.W.3d ____, at _____, n. 1 (Tex. App.—Waco 2007, order).  There was no
objection, correction, or evidence in contravention of his recollection of the
events and, thus, we should accept that statement on and for the record as
accurate.  Loredo v. State, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004). 
(“The [Tenth] Court of Appeals disregarded the fact that the trial court’s
ruling was based not on the record but on the judge’s erroneous recollection,
which was stated on the record explicitly for the parties to correct, if
necessary.”)

            Further, we should not abate this
proceeding.  In a virtually identical procedural posture, no hearing on a
motion for new trial as opposed to allegedly deprivation of counsel to prepare
and present a motion for new trial, both yielding the result of failure to have
a hearing on a motion for new trial, we do not abate the proceeding.  When a
hearing on a motion for new trial is ordered, we remand the proceeding and
restart the appellate clock.  Mendoza v. State, 935 S.W.2d 501,
504 (Tex. App.—Waco 1996, pet. ref’d); Brewer v. State, No.
10-04-00001-CR, 2005 Tex. App. LEXIS 874 (Tex. App.—Waco Feb. 2, 2005, no pet.);
Barnett v. State, 76 S.W.3d 739 (Tex. App.—Waco 2002, pet. ref’d); Dockery
v. State, No. 10-00-00011-CR (Tex. App.—Waco Aug. 22, 2001, no pet.) (not
designated for publication).

            Based upon the majority’s perceived
deprivation of counsel, that is the proper remedy in this instance.  The
majority’s disposition is final and may confuse the appellant about what must
be done to protect the right to further review.  Id. 

            For these reasons, I would not abate
this proceeding; accordingly, I dissent.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed July 11, 2007






an>
Tex. R. App. P. 42.1(a).
      The joint motion was signed by the parties’ attorneys. In the motion, the parties state that
they have reached an agreement that ends the controversy and makes the appeal unnecessary. 
Accordingly, this cause is dismissed with costs to be taxed against the party incurring them.
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed September 15, 1999
Do not publish