In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-440 CR


____________________



ALBERT ANTHONY DUVALL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94308






MEMORANDUM OPINION


 In this appeal, we consider whether the record shows that the appellant was
represented by counsel during the period of time for filing a motion for new trial. Finding
that appellant was not deprived of counsel during this critical stage, we affirm.

 Without the benefit of a plea bargain, Albert Anthony Duvall pled guilty to robbery. (1) 
The trial court heard punishment evidence, found Duvall guilty of robbery, and assessed
Duvall's punishment at twenty years' confinement and a $10,000 fine. The trial court's
judgment sentencing Duvall was signed on August 29, 2005. Duvall's retained counsel did
not file a motion for new trial, notice of appeal, or motion to withdraw. On September 16,
2005, Duvall filed his "motion of self-representation on appeal" along with his pro se notice
of appeal/motion for new trial in which he alleged, among other things, that he received
ineffective assistance of counsel. His motion for new trial was overruled by operation of
law. On August 4, 2006, in response to this Court's Per Curiam Order entered July 13, 2006,
the trial court conducted a hearing to determine whether Duvall wanted to pursue his appeal
and found Duvall wanted to pursue his appeal through his newly-retained attorney. In his
sole issue on appeal, Duvall contends he was deprived of counsel during the critical stage
between the entry of judgment and the deadline for filing a motion for new trial in violation
of the Texas Constitution and the Sixth Amendment to the United States Constitution, and
that this Court should abate the appeal and remand the cause to the trial court for a hearing
on his motion for new trial. 

 Criminal defendants have a constitutional right to assistance of counsel at every
critical stage of a criminal prosecution, absent a valid waiver of the right. Upton v. State, 853
S.W.2d 548, 553 (Tex. Crim. App. 1993) (en banc). The period for filing a motion for new
trial and the hearing on the motion are critical stages during which a defendant is entitled to
counsel. See Connor v. State, 877 S.W.2d 325, 326 (Tex. Crim. App. 1994) (en banc);
Barnett v. State, 76 S.W.3d 739, 741 (Tex. App.--Waco 2002, pet. ref'd); Prudhomme v.
State, 28 S.W.3d 114, 119 (Tex. App.--Texarkana 2000, order), disp. on merits, 47 S.W.3d
683 (Tex. App.--Texarkana 2001, pet. ref'd). 

 Duvall had retained trial counsel. On at least three separate occasions, Duvall filled
out the form on which he could have declared indigence and asked for appointed counsel,
but he affirmatively represented to the court that he was retaining counsel. Trial counsel has
a duty to represent the client throughout the appellate process or file leave to withdraw with
the court. See Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (en banc)
(retained counsel has not concluded a case until he has filed a motion to withdraw if he
knows his client intends to appeal). The Texas Court of Criminal Appeals in Axel held:

 [T]rial counsel, retained or appointed, has the duty, obligation and
responsibility to consult with and fully to advise his client concerning meaning
and effect of the judgment rendered by the court, his right to appeal from that
judgment, the necessity of giving notice of appeal and taking other steps to
pursue an appeal, as well as expressing his professional judgment as to
possible grounds for appeal and their merit, and delineating advantages and
disadvantages of appeal. The decision to appeal belongs to the client. 


Id. To prevail on a claim of deprivation of counsel during the time to prepare, file, and
present a motion for new trial, Duvall must affirmatively prove that he was not represented
by counsel during this critical stage of the proceedings. See Garcia v. State, 97 S.W.3d 343,
347 (Tex. App.--Austin 2003, no pet.) (citing Oldham v. State, 977 S.W.2d 354, 363 (Tex.
Crim. App. 1998) (en banc)). When the record does not reflect that trial counsel withdrew
or was replaced by new counsel after sentencing, there is a rebuttable presumption that trial
counsel continued to effectively represent the defendant during the time limit for filing a
motion for new trial. Smith v. State, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000) (Johnson,
J., concurring).

 Based on this record, there is no evidence that Duvall was deprived of counsel to
assist in preparing a motion for new trial. The record does not reflect that Duvall's retained
counsel withdrew or was replaced, or that Duvall requested a determination of indigency or
an appointed attorney at any time. Although Duvall argues "[i]t is clear from the record that
Trial Counsel was going to abandon any representation or responsibility to represent
Appellant in a Motion for New Trial[,]" we find no such evidence in the record. Nothing in
the record suggests Duvall was not represented by counsel throughout the time concerned or
that he requested an attorney before he filed his motion. Moreover, Duvall's timely-filed pro
se notice of appeal is evidence he was advised of at least some of his rights, and we presume
that he was adequately represented because the record does not affirmatively indicate
otherwise. See Oldham, 977 S.W.2d at 363.

 Without notice that Duvall required, desired, or was entitled to appointed counsel
before he filed his motion for new trial, and in the absence of a motion to withdraw from
Duvall's retained counsel, we hold Duvall was not denied his right to counsel during a
critical stage. Unlike the case upon which Duvall relies in arguing for abatement, Jack v.
State, 42 S.W.3d 291, 292-93 (Tex. App.--Houston [1st Dist.] 2001, order) (Jack I) (2), Duvall
timely filed his motion for new trial. We decline to abate the appeal, and we hold that Duvall
has failed to rebut the presumption that he was represented by trial counsel during the period
of time for filing a motion for new trial. Duvall's sole issue is overruled. We affirm the trial
court's judgment. (3)

 AFFIRMED.

 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on May 17, 2007

Opinion Delivered September 5, 2007

Do not publish


Before Gaultney, Kreger, and Horton, JJ.
1. The indictment charged Duvall with second degree felony robbery as a habitual
felony offender, but in exchange for Duvall's guilty plea, the State waived the "habitual
felon" count. 
2. "[T]he Court of Criminal Appeals has disapproved of the abatement procedure
used in Jack I and Jack II [Jack v. State, 64 S.W.3d 694 (Tex. App.--Houston [1st Dist.]
2007), pet. dism'd, 149 S.W.3d 119 (Tex. Crim. App. 2004).]" Benson v. State, 224
S.W.3d 485, 495 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing Jack v. State, 149
S.W.3d 119, 124 (Tex. Crim. App. 2004) (Jack III)).
3. As for Duvall's ineffective assistance claims, the Court of Criminal Appeals has
indicated that when, as here, the record on direct appeal concerning the representation is
undeveloped and does not reflect counsel's motives, "an application for a writ of habeas
corpus is [a] more appropriate vehicle [than by direct appeal] to raise ineffective
assistance of counsel claims." Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App.
2003) (en banc).