

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-14-00272-CR

_____

**CHRISTOPHER CAINE DONALDSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2013-822-C1

_____

## A B A T E M E N T   O R D E R

_____

On July 14, 2014, Appellant entered an open plea of guilty to three counts of aggravated assault against a public servant and to one count of credit card abuse. That same day, Appellant and his counsel signed, and the trial court approved, a "Waiver of Appeal, " in which Appellant waived all rights he had to appeal, including the filing of a motion for new trial.

On August 25, 2014, the trial court held a sentencing hearing, following which Appellant was sentenced to twenty-five years' imprisonment on each count of

aggravated assault against a public servant and two years' confinement in state jail on the one count of credit card abuse, to be served concurrently. That same day, the "Trial Court's Certification of Defendant's Right of Appeal," stating that this case is not a plea-bargain case and that Appellant has the right of appeal, was signed.

On August 29, 2014, Appellant's trial counsel filed a notice of appeal and a motion to withdraw as counsel. In his motion to withdraw, Appellant's trial counsel alleged that he was unable to effectively communicate with Appellant so as to be able to adequately represent him. That same day, the trial court granted the motion to withdraw as counsel. At that time, 26 days remained of the 30-day period for filing a motion for new trial. When the time period for filing a motion for new trial expired on September 24, 2014, no motion for new trial had been filed.

On September 16, 2014, this Court directed both Appellant and the State to file a response on whether Appellant had waived his right of appeal. We received a response from Appellant's trial counsel and from the State, which included an affidavit from the trial court judge. On September 25, 2014, the Clerk of the Court sent a letter to Appellant, his trial counsel, and the State (with a copy going to the trial court), informing them that the Court concluded that Appellant's waiver of appeal was ineffective and that the scope of Appellant's appeal was not limited by the waiver. *See Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012); *Sims v. State*, 326 S.W.3d 707, 710-11 (Tex. App.—Texarkana 2010, no pet.); *see also Nichols v. State*, 349 S.W.3d 612, 614-15 (Tex. App.—Texarkana 2011, pet. ref'd). In the meantime, on

September 24, 2014, the trial court clerk filed a letter from Appellant (dated September 22, 2014) that requested the appointment of an appellate attorney.

On October 2, 2014, the trial court signed an order appointing Appellant's appellate counsel. Appellant has now filed a motion to abate this appeal and remand this cause to the trial court to the point at which a motion for new trial can be filed, presented, and heard. The State has filed a response opposing the motion.

The time for filing a motion for new trial is a critical stage of the proceedings, and a defendant has a constitutional right to counsel during that period. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. 2007). There exists, however, in cases like this where a defendant is represented by counsel during trial, a rebuttable presumption that this counsel continued to adequately represent the defendant during this critical stage. *Id.*

We conclude that this presumption has been rebutted. As stated, four days after Appellant's sentence was imposed, his trial counsel filed a motion to withdraw as counsel, stating that he was unable to effectively communicate with Appellant so as to be able to adequately represent him. The motion to withdraw was granted that day, and Appellant's appellate counsel was not appointed until after the 30-day time period had expired. Although Appellant's trial counsel filed a notice of appeal, which indicates Appellant was informed of at least some of his appellate rights, attached to Appellant's motion is Appellant's appellate counsel's affidavit in which he states that he has determined that Appellant was not advised by any lawyer about the merits of filing a motion for new trial from the time he was sentenced until he was appointed.

Appellant has therefore established that he was denied counsel during this critical stage of the case.

But even when a defendant rebuts the presumption with evidence that he was deprived of adequate counsel during this critical stage, the deprivation of counsel is subject to a harmless-error or prejudice analysis. *Id.* Appellant contends that there are several "facially plausible claims" that could have been presented in a motion for new trial. First, Appellant argues that there were unavailable material witnesses that could have provided necessary testimony. Attached to the motion is Appellant's father's affidavit, in which he states that he and his wife, Appellant's mother, were unavailable at the time of trial but that they could have offered testimony that (1) would have been pertinent to their son's physical, emotional, and psychological condition before and at the time of the incident and (2) would have been considered in mitigation as to their son's ultimate sentence. Additionally, Appellant's father averred that, as a former licensed peace officer and constable, he could have testified as to what extent the subject "BB gun" was a deadly weapon.

Appellant also argues as a "facially plausible claim" that he did not understand the plea-bargain process and therefore did not knowingly reject the plea offer by the State. Appellant indicates that this was because his trial counsel was ineffective. Appellant's appellate counsel refers in his affidavit to the record of the admonishment hearing where Appellant's trial counsel states that he had tried to communicate with Appellant about his options and Appellant responds that he had not made clear what the options actually meant.

We conclude that, at a minimum, Appellant has asserted a facially plausible claim of ineffective assistance of trial counsel. Appellant was unable to present this claim to the trial court and make a record for appellate review because he was without counsel during the time period a motion for new trial must be prepared and filed. Therefore, on this record, we cannot declare that the denial of counsel did not harm or prejudice Appellant. *See Prudhomme v. State*, 28 S.W.3d 114, 121 (Tex. App.—Texarkana 2000, order) (deprivation of counsel during period for filing motion for new trial not harmless where defendant had "facially plausible claim" that he was unable to present to trial court in a motion for new trial and to make a record for appellate review); *Massingill v. State*, 8 S.W.3d 733, 737-38 (Tex. App.—Austin 1999, no pet.) (deprivation of counsel during period for filing of motion for new trial not harmless where defendant asserted a "facially plausible claim" that could have been presented in motion for new trial).

We abate this appeal and remand the cause to the trial court to the point at which a motion for new trial can be filed, presented, and heard. *See Davis v. State*, 228 S.W.3d 917 (Tex. App.—Waco 2007, order). The timetable for the motion for new trial shall begin anew from the date of this opinion. If the trial court grants the motion for new trial, the record will be supplemented with a copy of the trial court's order, and this appeal will be dismissed. If the trial court denies the motion for new trial, the record will be supplemented with the court's order and the reporter's record of any hearing held on such motion, and Appellant's brief will be due thirty days after the clerk's and

reporter's records have been filed with this Court. Appellant's pending motion for extension of time to file brief is dismissed as moot.

PER CURIAM

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Cause abated
Order issued and filed April 23, 2015
Do not publish

