Ark James PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 063–92.

Court of Criminal Appeals of Texas,
En Banc.

March 25, 1992.

George Mackey (court appointed), Richard Alley (on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Betty Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S CROSS–
PETITION FOR DISCRE-
TIONARY REVIEW

WHITE, Judge.

A jury convicted appellant of aggravated robbery and assessed punishment at confinement for seventy-five years. The Court of Appeals affirmed as to issues concerning guilt/innocence and attempted to abate the conviction concerning a punishment issue. *Price v. State*, 818 S.W.2d 883 (Tex.App.—Corpus Christi, 1991). The court ordered the trial court to hold a hearing on appellant's motion for new trial, but also stated that should the trial court not hold such hearing within thirty days, the judgment would be reversed and the case remanded for a new trial on punishment. The State filed this cross-petition for discretionary review contending that the Court of Appeals failed to address the State's initial reply to appellant's point of error concerning the trial court's decision not to hold a hearing on appellant's motion for new trial. The State had argued that appellant had not timely presented the motion for new trial to the trial court. The State contends that its argument is dispositive of the case and the Court of Appeals erred by not addressing it. See Tex.R.App. Pro. 90(a).

The State urges this Court to overrule *Williams v. State,* 780 S.W.2d 802 (Tex.Cr. App.1989) and *Measeles v. State,* 661 S.W.2d 732 (Tex.Cr.App.1983) in order to address the issue raised in its cross-petition. In these cases this Court held that the State's petitions for discretionary review filed after abatement orders by the Court of Appeals would not be entertained because they were appeals from interlocutory orders. The rationale was that the Court of Appeals' decision or opinion did not decide a case and was not a final decision.

The Court of Appeals' decision in this case has indeed disposed of the case. Appellant's point of error was that the trial court erred in not holding a hearing on his motion for new trial. The Court of Appeals sustained that point without addressing the State's contention that the motion was not timely presented to the trial court. Pursuant to the Court of Appeals' decision the trial court may either grant or deny the motion for new trial after a hearing, or may refuse to hold a hearing. If the trial court grants the motion for new trial, the Court of Appeals has no jurisdiction over the case despite the abatement, and the State may appeal anew pursuant to Article 44.01, V.A.C.C.P. Likewise, if the trial court denies the motion for new trial the defendant may then again start the appeal process anew under the Rules of Appellate Procedure. See e.g. Tex.R.App.Pro. 41(b). According to the Court of Appeals' decision, the judgment becomes final within thirty days if the trial court refuses to hold a hearing. There is no reason to consider the Court of Appeals' written decision as an interlocutory decision in the same way an abatement for findings of fact and conclusions of law is interlocutory when both parties in the instant case may have the right to appeal issues in the case as if a motion for new trial had been granted or denied immediately after conviction. We hold that the Court of Appeals' opinion in the instant case is a final decision and, therefore, this Court will review the State's petition.

We summarily grant ground one of the State's cross-petition for discretionary review, vacate the judgment of the Court of Appeals, and remand the case to the Court of Appeals to reconsider appellant's point of error in light of the State's claim that appellant did not timely present the motion for new trial.

CLINTON, BAIRD and BENAVIDES, JJ., dissent.