Felïcia Ann **MENDOZA**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 10–96–076–CR.**

Court of Appeals of Texas,
Waco.

Dec. 4, 1996.

---

Ward Casey, Bates & Casey, Fort Worth, for appellant.

John W. Segrest, Criminal District Attorney, Philip D. Frederick, Asst. District Attorney, Waco, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

A jury convicted Felicia Ann Mendoza of aggravated robbery and assessed punishment at twenty-five years and a $1,000 fine. TEX.PENAL CODE ANN. § 29.03 (Vernon 1994). She appeals on two points. She asserts that the trial court should have held a hearing on her motion for new trial asserting ineffective assistance of her counsel and that the trial court improperly denied her motion for mistrial based on questioning her about her post-arrest silence. We will sustain her first point and remand the cause to the trial court for a hearing on the claim of ineffective assistance of counsel.

## FACTS

Felicia Mendoza was charged with attempted capital murder of Helen Brooks. After she pled not guilty, her attorney moved to have the bond reduced, and the court held a hearing. At the bond-reduction hearing, Mendoza took the stand, testifying among other things about her family relationships and her ability to make bail. On cross-examination, the prosecutor asked Mendoza whether she was trying to take Brooks' purse, whether she was holding a gun, and other details of the offense. Mendoza's counsel did not object to these questions, which could have been excluded under rule 104(d). See TEX.R.CRIM.EVID. 104(d). As a result, Mendoza answered the questions, thus, judicially confessing to aggravated robbery. Mendoza's defense at trial was that she committed aggravated robbery because she was under duress. The jury rejected that defense and convicted her of aggravated robbery. After the conviction, Mendoza's family retained new counsel, who filed a timely motion for new trial.

In an amended motion for new trial, Mendoza raised an ineffective assistance of counsel claim. She argues that trial counsel's failure to adequately advise her about testifying at the bond hearing and failure to object during cross-examination precluded her from challenging her identification as the actor in the offense and from asserting any other defense except duress. She requested a hearing on her motion for new trial, arguing that her allegations could not be determined from the record.

Her affidavit states that before the bond-reduction hearing, trial counsel told her that the victim, Brooks, could identify her. After the hearing, however, Mendoza learned that Brooks could not identify her. Mendoza further asserts that she would not have testified about her part in the robbery if she had known that Brooks had not identified her. She also contends that her attorney did not tell her that her testimony could be used against her at trial or that she did not have to testify at the bond-reduction hearing. The motion for new trial was overruled by operation of law.

## RIGHT TO A HEARING

Mendoza's first point complains that the trial court should have held a hearing on her amended motion for new trial because

her ineffective assistance claim could not be determined from the record.

A defendant does not have an "absolute right" to a hearing on a motion for new trial. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App.1993). However, when a defendant raises a matter *"not* determinable from the record," the trial court is required to hold a hearing. *Id.* at 816. Otherwise, denying a hearing would prevent the accused from having a meaningful appeal. *McIntire v. State,* 698 S.W.2d 652, 660 (Tex.Crim.App. 1985). The hearing allows a defendant to fully develop the issues raised in the motion for new trial. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994). While a hearing may be necessary to develop issues raised in the motion for new trial, having "an unrestricted requirement of a hearing on matters not determinable from the record could lead to 'fishing expeditions.'" *Reyes,* 849 S.W.2d at 816 (citing *McIntire,* 698 S.W.2d at 658). Thus, the defendant must include a supporting affidavit with the motion for new trial before a hearing will be required. *Id.* The affidavit needs only to show reasonable grounds for holding that relief should be granted. *Id; see also Jordan,* 883 S.W.2d at 665.

Mendoza filed a timely motion for new trial supported by an affidavit. As part of her grounds for a new trial, she argued that she was denied effective assistance of counsel when her trial counsel failed to object to the prosecutor's wide-open cross-examination which led to her judicial confession of aggravated robbery. She argues that this cannot be classified as "sound trial strategy." Because she admitted her part in the robbery, she could not refute her identification as the primary participant in the robbery, and she was forced into asserting a weak duress defense. These allegations raise serious questions about whether Mendoza received effective assistance of counsel. Thus, we hold that she has asserted reasonable grounds that could result in a new trial.

Since Mendoza has presented reasonable grounds for a new trial, we must now examine whether these allegations are determin-

able from the record. The record, of course, does not contain the conversations between Mendoza and her attorney, and it is silent as to why Mendoza's trial counsel did not object at the bond-reduction hearing which allowed the prosecutor to obtain a judicial confession from Mendoza. Since we cannot determine from the record whether the failure to object was part of counsel's trial strategy, we conclude that the court should have held a hearing on Mendoza's motion for new trial in which the factual basis for her ineffective assistance of counsel claim could have been fully developed.

## REMAND AS THE REMEDY

A proper determination of Mendoza's claim of ineffective assistance of counsel requires evidence outside the appellate record. In prior opinions, we have considered a defendant's claim of ineffective assistance using only the record before us, emphasizing that a defendant may later wish to fully develop his claim through an evidentiary hearing on a writ of habeas corpus.[1] Here, however, we must determine Mendoza's point of error that the trial court denied her a hearing that was necessary to develop a record to support her claim that her counsel was ineffective. Because Mendoza has demonstrated that her claim of ineffectiveness cannot be determined from the record and a hearing is required, we believe that remanding the cause for an evidentiary hearing to develop the record is appropriate. *See Green v. State,* 754 S.W.2d 687, 688 (Tex.Crim.App.1988); Tex.R.App.P. 2(b), 80(c).

Point one is sustained. This cause will be remanded to the trial court for a hearing on Mendoza's motion for new trial. *Martinez v. State,* 846 S.W.2d 345, 347 (Tex.App.—Corpus Christi 1992, no pet.) (citing *Price v. State,* 818 S.W.2d 883 (Tex.App.—Corpus Christi 1991), *rev'd,* 826 S.W.2d 947 (Tex. Crim.App.1992)).

In *Price,* where jury misconduct was alleged in a motion for new trial, the Corpus Christi Court abated the cause and remanded it to the trial court. *Price,* 818 S.W.2d at

1. "Effectiveness of trial counsel is not generally an issue ripe for determination on direct appeal." *Craig v. State,* 825 S.W.2d 128, 130 (Tex. Crim.App.1992) (Benavides, J., dissenting).

890. Apparently believing that it retained jurisdiction, the Court said that it would reinstate the cause upon receipt of a supplemental record, then allow Price to supplement his brief. *Id.* The order further provided that, if the trial court did not comply with the order within thirty days, the appeal would be reinstated, the judgment reversed, and the cause remanded for a new trial. *Id.* On review, the Court of Criminal Appeals held that the order of the court of appeals was final, having disposed of Price's points of error.[2] *Price,* 826 S.W.2d at 948. The Court noted that, under the order of remand, the trial court could grant or deny the motion for new trial or refuse to hold a hearing. *Id.* If the trial court granted the motion, the court of appeals had no further jurisdiction and the state "may appeal anew." *Id.* If the trial court denied the motion, "the defendant may then again start the appeal process anew under the Rules of Appellate Procedure." *Id.* Although it is not clear, it appears that the Court permitted the court of appeals to determine when the trial court's judgment would again become final for purposes of appeal in the event no hearing was held. *See id.* There, the court of appeals allowed thirty days from remand. *Id.* at 947.

Following *Price,* we remand this cause to the trial court for a hearing on Mendoza's motion for new trial. *Id.* at 948. In the event the motion for new trial is not determined earlier by written order, the forty-fifth day after remand shall be the day that the appellate timetable begins for purposes of a new appeal by either party. *See id.;* TEX. R.APP.P. 2, 41(b), 80(c), 81(a).

Because Mendoza's second point (1) will be moot if the motion for new trial is granted or (2) may be reasserted if she appeals anew after the trial court denies her motion for new trial or refuses to hold a hearing, we will not address it.

---

**2.** The Court found, however, that the court of appeals should have addressed Price's points of error in light of the state's claim of waiver and remanded the cause for reconsideration. *Price v. State,* 826 S.W.2d 947, 948 (Tex.Crim.App.1992).