Heading for abatement 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-253-CR

     JERRY WAYNE FULGIUM,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 26,422
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      In a bench trial, the trial court convicted Appellant Jerry Wayne Fulgium of felony driving
while intoxicated. See Tex. Pen. Code Ann. § 49.09(b) (Vernon Supp. 1998). The court
sentenced Fulgium to seven years’ confinement. Fulgium appeals, arguing in six points that:
      •    the evidence is legally and factually insufficient to sustain his conviction;
 
      •    his trial counsel rendered ineffective assistance;
 
      •    the State failed to disclose Brady evidence; and
 
      •    the trial court erred by failing to hold a hearing on his motion for new trial.

We will sustain Fulgium’s sixth point in which he claims the trial court erred by not conducting
a hearing on his motion for new trial, and we will remand this cause to the trial court for the
requested hearing.
      When a defendant timely files and presents a motion for new trial which raises issues not
determinable from the record and upon which the defendant could be entitled to relief, the trial
court must hold a hearing on the motion. Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994); Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993); Mendoza v. State, 935
S.W.2d 501, 503 (Tex. App.—Waco 1996, no pet.). The defendant need not state a prima facie
case for a new trial in the motion. Jordan, 883 S.W.2d at 665. Rather, he must provide an
affidavit in support of the motion which reflects reasonable grounds which are not determinable
from the record and upon which relief could be granted. Reyes, 849 S.W.2d at 816.
      Fulgium filed a motion for new trial alleging ineffective assistance of trial counsel. The
motion alleges that counsel was ineffective because he had a conflict of interest which he did not
disclose to Fulgium. The alleged conflict rests in Fulgium’s claim that his trial counsel previously
represented one of the State’s primary witnesses. He contends that this prior representation
adversely affected counsel’s effectiveness because counsel’s “ongoing duty of loyalty” to his
former client “chilled his ability and probable desire to fully investigate the [witness’s] story and
the inconsistencies” therein and “completely prevented him from investigating or cross-examining
[the witness] on the basis of any subject matter he had come to know through the process of
representing her.”
      Fulgium also claims in his motion that the State committed prosecutorial misconduct by failing
to disclose potential Brady evidence. See Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194,
1196-97, 10 L. Ed. 2d 215 (1963). The evidence in issue is a 1990 felony conviction of a person
with the same name as the witness whom Fulgium alleges his counsel previously represented.
      Either of these grounds could entitle Fulgium to a new trial. However, these grounds are not
entirely determinable from the record. The record contains no evidence of the circumstances
surrounding counsel’s alleged prior representation of the State’s witness, and assuming for the
sake of argument counsel did previously represent the witness, the record is silent as to whether
such representation actually rose to the level of a conflict of interest or otherwise affected
counsel’s representation of Fulgium.
      With respect to the prior conviction, the judgment of conviction is contained in the record as
an exhibit to Fulgium’s motion for new trial. However, the record contains no evidence that the
person convicted therein is the same person who testified at Fulgium’s trial, and it is silent as to
whether the State gave Fulgium’s trial counsel notice of the conviction or whether counsel
personally knew of the prior conviction due to the alleged prior representation of the witness.
      For this Court to properly assess Fulgium’s ineffective assistance and Brady claims, the trial
court must conduct an evidentiary hearing on Fulgium’s motion for new trial to develop a record
from which the merits of these claims can be determined. Accordingly, we sustain Fulgium’s
sixth point.
      Because Fulgium’s remaining points will be moot if the trial court grants his motion for new
trial or can be reasserted if the trial court denies the motion or refuses to hold a hearing on the
motion, we need not address the remaining points. Thus, we remand this cause to the trial court
for a hearing on Fulgium’s motion for new trial. See Tex. R. App. P. 43.6. For purposes of a
new appeal by either party, the appellate timetable shall begin forty-five days after the date of this
opinion if the trial court has not held the hearing or has not ruled on the motion by written order
within that time period. See Mendoza, 935 S.W.2d at 504. Otherwise, the date of the trial court’s
written order on the motion shall be considered the date of sentence for purposes of rule 26.2 of
the Rules of Appellate Procedure. Tex. R. App. P. 26.2.
 

                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Remanded for further proceedings
Opinion issued and filed February 25, 1998
Do not publish