Abel Gomez Olazaba v. The State of Texas
















IN THE
TENTH COURT OF APPEALS
 

Nos. 10-97-357-CR
                                                  10-97-358-CR
                                                  10-97-359-CR
                                                   10-97-360-CR
                                                   10-97-361-CR

     ABLE GOMEZ OLAZABA,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 371st District Court
Tarrant County, Texas
Trial Court Nos. 0532982D & 0532987D & 0533268D
                                          0533273D & 0533289D 
                                                                                                                

O P I N I O N
                                                                                                                

     On October 6, 1997, Appellant, Able Gomez Olazaba, pled guilty, without benefit of a plea
bargain agreement, to three counts of delivery of a controlled substance, one count of possession
of a controlled substance with intent to deliver, and one count of aggravated delivery of cocaine,
and the trial court assessed Appellant’s punishment at 20 years’ incarceration for each offense,
with the sentences to run concurrently. After timely perfecting appeal, Appellant’s counsel filed
a motion to withdraw from representation of Appellant with supporting Anders brief. Anders v.
California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967). Appellant has filed a pro se response
to the Anders brief. See Wilson v. State, 955 S.W.2d 693 (Tex. App.—Waco 1997, order)
(discussing procedures for Anders appeal, revisiting Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.—Waco 1994, pet. ref’d)). The State has informed us by letter that it will not file a
responsive brief. We now address the potential sources of error identified by counsel and
Appellant and conduct an independent review of the record seeking any arguable error which
requires reversal. Id. at 698.
POTENTIAL SOURCES OF ERROR
      The only potential source of error identified in the brief of Appellant’s counsel is that the trial
court erred by not holding a hearing on Appellant’s motions for new trial which asserted that,
because Appellant received ineffective assistance of counsel, his guilty plea was involuntary. In
his pro se response, Appellant asserts two complaints: (1) Appellant received ineffective assistance
of counsel which resulted in an involuntary plea of guilty; and (2) the search of Appellant’s house,
during which cocaine was discovered, was illegal and in violation of Appellant’s federal and state
constitutional rights.



Did the Trial Court Err in Failing to Hold a 
Hearing on Appellant’s Motions for New Trial?
      A defendant does not have an "absolute right" to a hearing on a motion for new trial. Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); Mendoza v. State, 935 S.W.2d 501, 503
(Tex. App.—Waco 1996, no pet.). However, when a defendant raises a matter "not determinable
from the record," the trial court is required to hold a hearing. Reyes, 849 S.W.2d at 816. 
Otherwise, denying a hearing would prevent the accused from having a meaningful appeal. 
McIntire v. State, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985). The hearing allows a defendant
to fully develop the issues raised in the motion for new trial. Jordan v. State, 883 S.W.2d 664,
665 (Tex. Crim. App. 1994). While a hearing may be necessary to develop issues raised in the
motion for new trial, having "an unrestricted requirement of a hearing on matters not determinable
from the record could lead to ‘fishing expeditions.'" Reyes, 849 S.W.2d at 816 (citing McIntire,
698 S.W.2d at 658). Thus, the defendant must include a supporting affidavit with the motion for
new trial before a hearing will be required. Id.; Mendoza, 935 S.W.2d at 503. The affidavit
needs only to show reasonable grounds for holding that relief should be granted. Id; see also
Jordan, 883 S.W.2d at 665.
      Appellant failed to attached any supporting affidavits to his motions for new trial. 
Consequently, the fact that the trial court did not hold a hearing on Appellant’s motions could not
be error. See Burns v. State, 844 S.W.2d 934, 936 (Tex. App.—Amarillo 1992, no pet.) (citing
McIntire, 698 S.W.2d at 658).
Was Appellant’s Guilty Plea the Result of Ineffective Assistance of Counsel?
      Appellant’s first complaint raised in his pro se response is that he did not consent to being
guilty of the charges pending against him and only pled guilty to them because his appointed trial
attorney “advised” him to do so.
      We have nothing before us but Appellant’s bare assertion that his attorney was ineffective by
“advising” Appellant to plead guilty to the charges. Notwithstanding this assertion, there is a
presumption of regularity of the judgment and the proceedings, and the burden is on the defendant
to overcome this presumption. Ex parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986);
Hernandez v. State, 885 S.W.2d 597, 601 (Tex. App.—El Paso 1994, no pet.). This presumption
will prevail unless the defendant makes an affirmative showing to overcome the presumption. 
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (on rehearing). 
      In each of the cases against Appellant, the record shows that Appellant signed a four-page
form entitled “Written Plea Admonishments.” Furthermore, at his plea hearing and through an
interpreter, Appellant told the trial court that he had not been threatened or persuaded to enter a
plea of guilty and that he was doing so freely and voluntarily.
      Having reviewed the record, we can find nothing which overcomes the presumption that
Appellant’s plea was voluntary. See Ex parte Wilson, 716 S.W.2d at 956; Breazeale, 683 S.W.2d
at 450; Hernandez, 885 S.W.2d at 601. Appellant’s mere assertion that he pled guilty at his
counsel’s urging is not sufficient. Consequently, we conclude that Appellant’s complaint that his
plea was involuntary does not present a potential source of error. 
Was the Search of Appellant’s Home Illegal? 
      The second complaint raised by Appellant in his pro se response is that the search of his home
during which law enforcement officers discovered cocaine was illegal and in violation of his
federal and state constitutional rights because the officers lacked probable cause to enter his home. 
However, this complaint was not presented to the trial court and is therefore not properly before
us. See Tex. R. App. P. 33.1(a)(1) (a prerequisite to presenting a complaint for appellate review
is that the complaint must have been presented to the trial court by a timely request, objection, or
motion). Consequently, Appellant’s second complaint does not present any potential source of
error for appellate review.
APPELLATE COURT REVIEW OF RECORD 
FOR POTENTIAL SOURCES OF ERROR 
      We have also independently reviewed the record, and we are satisfied that no arguable
appellate claims are present. See McCoy v. Court of Appeals of Wisconsin Dist. 1, 486 U.S. 429,
442, 108 S.Ct. 1895, 1904 (1988). Consequently, we have determined that Appellant’s counsel
was correct in concluding that any appeal from Appellant’s convictions is frivolous. Id. Thus,
the judgment is affirmed. 
      We simultaneously grant counsel's motions to withdraw. Id.; Wilson, 955 S.W.2d at 695. 

                                                                         BOBBY L. CUMMINGS
                                                                         Justice


Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed June 17, 1998
Do Not Publish