COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-186-CR
  
  
RONDEZ 
WILCOTS                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 362ND DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION ON 
APPELLANT’S SECOND
PETITION FOR DISCRETIONARY REVIEW[1]

------------
        Pursuant 
to rule of appellate procedure 50, we have reconsidered our previous memorandum 
opinion on appellant Rondez Wilcots’s petition for discretionary review.  
See Tex. R. App. P. 
50.  We withdraw our judgment and memorandum opinion on appellant’s 
petition for discretionary review dated October 29, 2004 and substitute the 
following.
        Appellant 
Rondez Wilcots pled guilty to sexual assault, and the trial court placed him on 
deferred adjudication community supervision.  The State later filed a 
motion to revoke, and the trial court adjudicated appellant guilty and sentenced 
him to eight years’ confinement.  Appellant filed a timely amended motion 
for new trial, which the trial court denied without conducting an evidentiary 
hearing.  Appellant’s sole issue on appeal is that the trial court erred 
by refusing to hold a hearing on his amended motion for new trial.
        The 
State contends that the appeal should be dismissed for want of jurisdiction 
because this is a plea bargain case and appellant did not obtain the trial 
court’s permission to appeal this issue, which was not raised by pretrial 
motion.  See Tex. R. App. P. 
25.2.  The State also erroneously claims that the trial court did not 
certify appellant’s right to appeal.  See Tex. R. App. P. 25.2(d).  We hold 
that we do have jurisdiction to address appellant’s issue because it is 
unrelated to both appellant’s conviction and the trial court’s decision to 
adjudicate.  See Tex. Code 
Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2004-05); Daniels v. 
State, 63 S.W.3d 67, 69 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d); 
Amaro v. State, 970 S.W.2d 172, 173 (Tex. App.—Fort Worth 1998, no 
pet.).
        A 
defendant’s right to an evidentiary hearing on a motion for new trial is not 
an absolute right, and we will reverse a trial court’s decision not to conduct 
a hearing only when the court has abused its discretion.  Reyes v. State, 
849 S.W.2d 812, 815-16 (Tex. Crim. App. 1993); Mallet v. State, 9 S.W.3d 
856, 867-68 (Tex. App.—Fort Worth 2000, no pet.).  An evidentiary hearing 
is necessary if the motion, accompanied by one or more affidavits, shows 
reasonable grounds for relief that are not determinable from the record.  King 
v. State, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000); Jordan v. State, 
883 S.W.2d 664, 665 (Tex. Crim. App. 1994); Reyes, 849 S.W.2d at 816; Mallet, 
9 S.W.3d at 868.  The affidavit must allege facts supporting the movant’s 
claim.  See Jordan, 883 S.W.2d at 665.
        The 
only specific facts appellant alleges in his amended motion for new trial are 
that “[t]he complainant in the case . . . has recanted her prior allegation 
that she was assaulted by [appellant]. . . . [S]he will testify that she never 
had sex with [appellant] and that she was never assaulted in any way by 
[appellant].”  He also claims that “[h]earing her testimony would most 
likely result in a different result. . . . [and] would have exonerated 
[appellant].”  Thus, appellant contends that newly discovered evidence 
will prove his actual innocence of the original offense.  He also claims 
that his original plea was involuntary.
        Appellant’s 
amended motion for new trial alleging actual innocence based on newly discovered 
evidence, the complainant’s recantation, was timely filed after the trial 
court adjudicated him guilty.  See Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b); Tex. R. App. P. 21.4; Donovan 
v. State, 68 S.W.3d 633, 635-36 (Tex. Crim. App. 2002).  The amended 
motion raised reasonable grounds for relief that are not determinable from the 
record—that the complainant has recanted and would testify that she never had 
sex with appellant—upon which appellant could be entitled to relief if the 
trial judge believes the complainant’s recantation is credible.  See 
Keeter v. State, 74 S.W.3d 31, 36-38 (Tex. Crim. App. 2002); see also Ex 
parte Tuley, 109 S.W.3d 388, 389-95 (Tex. Crim. App. 2002) (holding that 
guilty plea does not preclude actual innocence claim).  Thus, the trial 
court abused its discretion by denying appellant an evidentiary hearing on the 
motion.  See King, 29 S.W.3d at 569; Jordan, 883 S.W.2d at 
665; Reyes, 849 S.W.2d at 816; Mallet, 9 S.W.3d at 868.
        We 
abate this appeal for sixty days and remand the case to the trial court to hold 
a hearing on appellant’s amended motion for new trial.  See Tex. R. App. P. 44.4; Price v. State, 
826 S.W.2d 947, 948 (Tex. Crim. App. 1992); Martinez v. State, 846 S.W.2d 
345, 347 (Tex. App.—Corpus Christi 1992, order), disp. on merits, 846 
S.W.2d 348 (Tex. App.—Corpus Christi 1992, pet. ref’d).  If the trial 
court denies the motion, it shall file a reporter’s record of the hearing, 
along with a supplemental clerk’s record, in this court on or before sixty 
days from the date of this order, and the appeal will be reinstated when the 
later of the two records is filed in this court.  If the trial court grants 
the motion, it must immediately forward a copy of the order granting the motion 
to this court, and this court will no longer have jurisdiction over the 
appeal.  See Price, 826 S.W.2d at 948.
   
  
                                                                  PER 
CURIAM
  

   
PANEL 
A: LIVINGSTON, J.; CAYCE, C.J. and WALKER, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
December 17, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.