IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00322-CV

 

Robert H. Hensley,

                                                                      Appellant

 v.

 

W.M. Specialty Mortgage LLC,

                                                                      Appellee

 

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 05-C-3562

 



MEMORANDUM  Opinion










 

          Robert H. Hensley filed a notice of
appeal from a final judgment giving possession of property to W.M. Specialty
Mortgage LLC. The required docketing statement was not received.  Tex. R. App. P. 32.  On September 19,
2005, we sent a letter explaining that the docketing statement must be filed
and warning that the Court would dismiss the appeal if a docketing statement
was not filed within 21 days.  Tex. R.
App. P. 42.3(c).  

          More than 21 days have passed, and we
have not received the docketing statement.  Accordingly, we dismiss this
appeal.  Id.; see In the Interest of T.S.S., No.
10-04-00227-CV, 2004 Tex. App. LEXIS 10126 (Tex. App.—Waco Nov. 10, 2004, no
pet.); Chadwell v. Ford Motor Co., No. 10-04-00272-CV, 2004 Tex. App. LEXIS 10115 (Tex. App.—Waco Nov. 10, 2004, no pet.); see also In the
Interest of J.M., No. 12-05-000297-CV, 2005 Tex. App. LEXIS 8640 (Tex. App.—Tyler Oct. 19, 2005, no pet. h.)(publish); Morris v. Speedway Erection Serv.
Co., No. 04-04-00109-CV, 2004 Tex. App. LEXIS 4008 (Tex. App.—San Antonio
May 5, 2004, no pet.); Fincher v. Mortgage Elec. Registration Sys., No.
05-03-00614-CV, 2003 Tex. App. LEXIS 4262 (Tex. App.—Dallas May 19, 2003, no
pet.)(released for publication May 19, 2003); Middleton v. State, No.
05-02-01318-CV, 2003 Tex. App. LEXIS 443 (Tex. App.—Dallas Jan. 17, 2003, no
pet.).

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justice
Vance concurs with a note)*

(Chief
Justice Gray concurs with a separate opinion)

Appeal
dismissed

Opinion
delivered and filed November 16, 2005

[CV06]

 

*
“(Justice Vance concurs with a note:  A docketing statement is for
administrative purposes only and does not affect our jurisdiction.  Tex. R. App. P. 32.4.  This will be at
least our third dismissal of a pro-se appeal for failure to file a docketing
statement.  Dismissal as a sanction is, in effect, a “death penalty,” which
precludes consideration of the merits of the appellant’s claim.  Under the law
developed to evaluate trial-court dismissals as sanctions, such a sanction must
be “just.”  Tansamerican Natural Gas v. Powell, 811 S.W.2d 913, 917 (Tex. 1991)(orig. proceeding).  That means a direct relationship must exist between the
offensive conduct and the sanction imposed.  Id.  Furthermore, a
permissible sanction should be no more severe than required to satisfy
legitimate purposes.  Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992).  This means that a court must consider relatively less stringent sanctions
first to determine whether lesser sanctions will fully promote compliance,
deterrence, and discourage further abuse.  Id.  We have not tried a
lesser sanction.  While we may conclude that the failure to file a docketing
statement reflects adversely on the merits of a pro-se appeal, we should be
cautious in doing so.)”






ration: underline">                                                                                                                

     On October 6, 1997, Appellant, Able Gomez Olazaba, pled guilty, without benefit of a plea
bargain agreement, to three counts of delivery of a controlled substance, one count of possession
of a controlled substance with intent to deliver, and one count of aggravated delivery of cocaine,
and the trial court assessed Appellant’s punishment at 20 years’ incarceration for each offense,
with the sentences to run concurrently. After timely perfecting appeal, Appellant’s counsel filed
a motion to withdraw from representation of Appellant with supporting Anders brief. Anders v.
California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967). Appellant has filed a pro se response
to the Anders brief. See Wilson v. State, 955 S.W.2d 693 (Tex. App.—Waco 1997, order)
(discussing procedures for Anders appeal, revisiting Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.—Waco 1994, pet. ref’d)). The State has informed us by letter that it will not file a
responsive brief. We now address the potential sources of error identified by counsel and
Appellant and conduct an independent review of the record seeking any arguable error which
requires reversal. Id. at 698.
POTENTIAL SOURCES OF ERROR
      The only potential source of error identified in the brief of Appellant’s counsel is that the trial
court erred by not holding a hearing on Appellant’s motions for new trial which asserted that,
because Appellant received ineffective assistance of counsel, his guilty plea was involuntary. In
his pro se response, Appellant asserts two complaints: (1) Appellant received ineffective assistance
of counsel which resulted in an involuntary plea of guilty; and (2) the search of Appellant’s house,
during which cocaine was discovered, was illegal and in violation of Appellant’s federal and state
constitutional rights.



Did the Trial Court Err in Failing to Hold a 
Hearing on Appellant’s Motions for New Trial?
      A defendant does not have an "absolute right" to a hearing on a motion for new trial. Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); Mendoza v. State, 935 S.W.2d 501, 503
(Tex. App.—Waco 1996, no pet.). However, when a defendant raises a matter "not determinable
from the record," the trial court is required to hold a hearing. Reyes, 849 S.W.2d at 816. 
Otherwise, denying a hearing would prevent the accused from having a meaningful appeal. 
McIntire v. State, 698 S.W.2d 652, 660 (Tex. Crim. App. 1985). The hearing allows a defendant
to fully develop the issues raised in the motion for new trial. Jordan v. State, 883 S.W.2d 664,
665 (Tex. Crim. App. 1994). While a hearing may be necessary to develop issues raised in the
motion for new trial, having "an unrestricted requirement of a hearing on matters not determinable
from the record could lead to ‘fishing expeditions.'" Reyes, 849 S.W.2d at 816 (citing McIntire,
698 S.W.2d at 658). Thus, the defendant must include a supporting affidavit with the motion for
new trial before a hearing will be required. Id.; Mendoza, 935 S.W.2d at 503. The affidavit
needs only to show reasonable grounds for holding that relief should be granted. Id; see also
Jordan, 883 S.W.2d at 665.
      Appellant failed to attached any supporting affidavits to his motions for new trial. 
Consequently, the fact that the trial court did not hold a hearing on Appellant’s motions could not
be error. See Burns v. State, 844 S.W.2d 934, 936 (Tex. App.—Amarillo 1992, no pet.) (citing
McIntire, 698 S.W.2d at 658).
Was Appellant’s Guilty Plea the Result of Ineffective Assistance of Counsel?
      Appellant’s first complaint raised in his pro se response is that he did not consent to being
guilty of the charges pending against him and only pled guilty to them because his appointed trial
attorney “advised” him to do so.
      We have nothing before us but Appellant’s bare assertion that his attorney was ineffective by
“advising” Appellant to plead guilty to the charges. Notwithstanding this assertion, there is a
presumption of regularity of the judgment and the proceedings, and the burden is on the defendant
to overcome this presumption. Ex parte Wilson, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986);
Hernandez v. State, 885 S.W.2d 597, 601 (Tex. App.—El Paso 1994, no pet.). This presumption
will prevail unless the defendant makes an affirmative showing to overcome the presumption. 
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (on rehearing). 
      In each of the cases against Appellant, the record shows that Appellant signed a four-page
form entitled “Written Plea Admonishments.” Furthermore, at his plea hearing and through an
interpreter, Appellant told the trial court that he had not been threatened or persuaded to enter a
plea of guilty and that he was doing so freely and voluntarily.
      Having reviewed the record, we can find nothing which overcomes the presumption that
Appellant’s plea was voluntary. See Ex parte Wilson, 716 S.W.2d at 956; Breazeale, 683 S.W.2d
at 450; Hernandez, 885 S.W.2d at 601. Appellant’s mere assertion that he pled guilty at his
counsel’s urging is not sufficient. Consequently, we conclude that Appellant’s complaint that his
plea was involuntary does not present a potential source of error. 
Was the Search of Appellant’s Home Illegal? 
      The second complaint raised by Appellant in his pro se response is that the search of his home
during which law enforcement officers discovered cocaine was illegal and in violation of his
federal and state constitutional rights because the officers lacked probable cause to enter his home. 
However, this complaint was not presented to the trial court and is therefore not properly before
us. See Tex. R. App. P. 33.1(a)(1) (a prerequisite to presenting a complaint for appellate review
is that the complaint must have been presented to the trial court by a timely request, objection, or
motion). Consequently, Appellant’s second complaint does not present any potential source of
error for appellate review.
APPELLATE COURT REVIEW OF RECORD 
FOR POTENTIAL SOURCES OF ERROR 
      We have also independently reviewed the record, and we are satisfied that no arguable
appellate claims are present. See McCoy v. Court of Appeals of Wisconsin Dist. 1, 486 U.S. 429,
442, 108 S.Ct. 1895, 1904 (1988). Consequently, we have determined that Appellant’s counsel
was correct in concluding that any appeal from Appellant’s convictions is frivolous. Id. Thus,
the judgment is affirmed. 
      We simultaneously grant counsel's motions to withdraw. Id.; Wilson, 955 S.W.2d at 695. 

                                                                         BOBBY L. CUMMINGS
                                                                         Justice


Before Chief Justice Davis,
           Justice Cummings, and
           Justice Vance
Affirmed
Opinion delivered and filed June 17, 1998
Do Not Publish