IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00207-CR

 

Jimmy Parr,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2003-667-C2

 



MEMORANDUM  Opinion



 

            This appeal originally
involved two issues.  First, that the trial court erred in increasing
appellant’s bond during trial and, second, that the trial court erred in not
allowing the appellant’s attorney to cross-examine the prosecutor at the Batson
hearing.  There was no issue raised claiming that the State had improperly used
its peremptory challenges in violation of the Equal Protection clause of the
constitution.  Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90
L.Ed.2d 69 (1986).

            In our original opinion, we
overruled the first issue, abated the appeal and remanded the case for the
trial court “to conduct a further Batson hearing which, at a minimum,
will provide the appellant an opportunity to cross-examine the prosecutor.”  Parr
v. State, No. 10-07-00207-CR, 2008 WL 4816603, at *2 (Tex. App.—Waco Nov. 5, 2008, no pet.) (mem. op.) (not designated for publication).

            The hearing on remand was
held on January 5, 2009.  At the hearing, at which appellant was present, his
attorney fully cross-examined the trial prosecutor as to his reasons for
striking two African–American jurors.  By agreement of the parties, two
exhibits consisting of venire lists marked by a district attorney’s
investigator and the trial prosecutors were admitted into evidence.

            After receiving the court
reporter’s transcription of that hearing, this Court gave appellant 21 days to
file any additional briefing in this case.  No additional brief has been filed
within that time period.

            There currently is nothing
before this Court to review.  With respect to the Batson issue,
appellant’s only complaint concerned the procedural issue that he was denied
the opportunity to cross-examine the prosecutor; that complaint was resolved by
abating the case until such cross-examination opportunity could be afforded.  There
was no additional substantive issue claiming that the State had
unconstitutionally exercised its peremptory challenges; nor was such an issue
brought forward in a supplemental brief after the Batson hearing was
completed.

            Even if we were to review
the State’s use of its peremptory challenges, the record fully supports the
trial judge’s conclusion that the State properly exercised its challenges.  The
original record shows that the State struck two African–American jurors—No. 28
and No. 31.  The prosecutors stated they struck No. 28 because he did not
respond, even though he had a DWI conviction, when the panel was asked about
their prior criminal histories.  They stated they struck No. 31 because she did
not reveal her husband’s DWI and AWOL arrests.  She also responded to a
question about why a codefendant might lie by stating that she personally had
been “involved in situations like that before,” which the prosecutors
interpreted to show a basic predisposition against the State.  On remand,
appellant was given an opportunity to cross-examine the prosecutor.  He
attempted, without success, to show that the prosecutor’s race-neutral
explanations were not plausible given all the facts of the voir dire.  At the
conclusion of the hearing, appellant’s attorney declined an opportunity to
respond to the State’s closing argument, stating only that the “record speaks
for itself.”  The trial court again found that the State’s race-neutral
explanations were sufficient.

            The concurring note raises
an issue concerning this Court’s jurisdiction of the appeal after it was abated
for the trial court to conclude the Batson hearing.  The concurrence
questions whether a new notice of appeal has to be filed to invoke this Court’s
jurisdiction and cites Price v. State, 826 S.W.2d 947 (Tex. Crim. App.
1992) and Mendoza v. State 935 S.W.2d 501 (Tex. App.—Waco 1996,
no pet).  Price and Mendoza both deal with cases that were remanded
to the trial court because the motions for new trial were not dealt with
correctly.  As Price makes clear, under such a remand, all jurisdiction
returns to the trial court, which can take any appropriate action on the motion
for new trial.  Price, 826 S.W.2d at 948.  After that action is taken,
the normal appellate process begins anew.  See id.  The instant case
deals with an abatement that returned the case to the trial court for
the limited purpose of concluding the Batson hearing, after which the
case properly returns to this Court.  An abatement, typically to conduct
a Batson hearing or for the trial court to make findings of facts and
conclusions of law, is a distinctly different procedure than a remand.

            Although we remain convinced
that this Court retains jurisdiction, the concurrence does raise an important
point.  Had the trial court’s Batson hearing raised a legitimate issue
as to whether or not a venire member was improperly excused, would this Court
then have jurisdiction to hear a new ground of error raising that substantive Batson
issue?  However, that issue isn’t before this Court in this appeal.

            Because no additional ground
of error has been brought forward in supplemental briefing, there is nothing
for this Court to review.  The judgment of the trial court is affirmed.

            

                                                                                    KEN
ANDERSON

                                                                                    District
Judge

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Judge
Ken Anderson[1]

            (Chief
Justice Gray concurring with a note)*

Affirmed

Opinion
delivered and filed June 24, 2009

Do
not publish

[CR25]

 

            *(Chief
Justice Gray joins in the result.  A separate opinion will not issue.  He
notes, however, that the Court previously considered all the issues presented
in the appeal.  One of those issues resulted in the proceeding being remanded
to the trial court to hold a hearing on the third phase of a Batson
challenge.  After that hearing was conducted by the trial court, and when this
Court requested supplemental briefing, I questioned, and continue to question,
whether we then still had jurisdiction of the proceeding, or whether a new
notice of appeal must be filed to invoke this Court’s jurisdiction to consider
new issues, if any.  See Price v. State, 826 S.W.2d 947 (Tex. Crim. App.
1992); Mendoza v. State, 935 S.W.2d 501 (Tex. App.—Waco 1996, no
pet.).  The Court seems to
now take the position that we did not previously remand the proceeding.  I
quote from the Court’s original and fully dispositive opinion: 
“Consequently we abate the appeal and remand the case to the trial
court… .” [emphasis added].)









[1]
Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the
Texas Supreme Court pursuant to section 74.003(h) of the Government Code.  See
Tex. Gov’t Code Ann. § 74.003(h)
(Vernon 2005).