

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-07-00207-CR

_____

**JIMMY PARR,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**


_____


**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2003-667-C2**

_____

## MEMORANDUM  OPINION

_____


This appeal originally involved two issues.  First, that the trial court erred in increasing appellant's bond during trial and, second, that the trial court erred in not allowing the appellant's attorney to cross-examine the prosecutor at the *Batson* hearing. There was no issue raised claiming that the State had improperly used its peremptory challenges in violation of the Equal Protection clause of the constitution.  *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

In our original opinion, we overruled the first issue, abated the appeal and

remanded the case for the trial court "to conduct a further *Batson* hearing which, at a minimum, will provide the appellant an opportunity to cross-examine the prosecutor." *Parr v. State*, No. 10-07-00207-CR, 2008 WL 4816603, at *2 (Tex. App.—Waco Nov. 5, 2008, no pet.) (mem. op.) (not designated for publication).

The hearing on remand was held on January 5, 2009. At the hearing, at which appellant was present, his attorney fully cross-examined the trial prosecutor as to his reasons for striking two African–American jurors. By agreement of the parties, two exhibits consisting of venire lists marked by a district attorney's investigator and the trial prosecutors were admitted into evidence.

After receiving the court reporter's transcription of that hearing, this Court gave appellant 21 days to file any additional briefing in this case. No additional brief has been filed within that time period.

There currently is nothing before this Court to review. With respect to the *Batson* issue, appellant's only complaint concerned the procedural issue that he was denied the opportunity to cross-examine the prosecutor; that complaint was resolved by abating the case until such cross-examination opportunity could be afforded. There was no additional substantive issue claiming that the State had unconstitutionally exercised its peremptory challenges; nor was such an issue brought forward in a supplemental brief after the *Batson* hearing was completed.

Even if we were to review the State's use of its peremptory challenges, the record fully supports the trial judge's conclusion that the State properly exercised its challenges. The original record shows that the State struck two African–American

jurors—No. 28 and No. 31. The prosecutors stated they struck No. 28 because he did not respond, even though he had a DWI conviction, when the panel was asked about their prior criminal histories. They stated they struck No. 31 because she did not reveal her husband's DWI and AWOL arrests. She also responded to a question about why a codefendant might lie by stating that she personally had been "involved in situations like that before," which the prosecutors interpreted to show a basic predisposition against the State. On remand, appellant was given an opportunity to cross-examine the prosecutor. He attempted, without success, to show that the prosecutor's race-neutral explanations were not plausible given all the facts of the voir dire. At the conclusion of the hearing, appellant's attorney declined an opportunity to respond to the State's closing argument, stating only that the "record speaks for itself." The trial court again found that the State's race-neutral explanations were sufficient.

The concurring note raises an issue concerning this Court's jurisdiction of the appeal after it was abated for the trial court to conclude the *Batson* hearing. The concurrence questions whether a new notice of appeal has to be filed to invoke this Court's jurisdiction and cites *Price v. State*, 826 S.W.2d 947 (Tex. Crim. App. 1992) and *Mendoza v. State* 935 S.W.2d 501 (Tex. App.—Waco 1996, no pet). *Price* and *Mendoza* both deal with cases that were *remanded* to the trial court because the motions for new trial were not dealt with correctly. As *Price* makes clear, under such a remand, all jurisdiction returns to the trial court, which can take any appropriate action on the motion for new trial. *Price*, 826 S.W.2d at 948. After that action is taken, the normal appellate process begins anew. *See id.* The instant case deals with an *abatement* that

returned the case to the trial court for the limited purpose of concluding the *Batson* hearing, after which the case properly returns to this Court. An *abatement*, typically to conduct a *Batson* hearing or for the trial court to make findings of facts and conclusions of law, is a distinctly different procedure than a *remand*.

Although we remain convinced that this Court retains jurisdiction, the concurrence does raise an important point. Had the trial court's *Batson* hearing raised a legitimate issue as to whether or not a venire member was improperly excused, would this Court then have jurisdiction to hear a new ground of error raising that substantive *Batson* issue? However, that issue isn't before this Court in this appeal.

Because no additional ground of error has been brought forward in supplemental briefing, there is nothing for this Court to review. The judgment of the trial court is affirmed.


                        KEN ANDERSON
                        District Judge

Before Chief Justice Gray,
      Justice Davis, and
      Judge Ken Anderson[1]
      (Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed June 24, 2009
Do not publish
[CR25]

    *(Chief Justice Gray joins in the result. A separate opinion will not issue. He notes, however, that the Court previously considered all the issues presented in the

---

[1] Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).

appeal.  One of those issues resulted in the proceeding being remanded to the trial court to hold a hearing on the third phase of a *Batson* challenge.  After that hearing was conducted by the trial court, and when this Court requested supplemental briefing, I questioned, and continue to question, whether we then still had jurisdiction of the proceeding, or whether a new notice of appeal must be filed to invoke this Court's jurisdiction to consider new issues, if any.  *See Price v. State,* 826 S.W.2d 947 (Tex. Crim. App. 1992); *Mendoza v. State,* 935 S.W.2d 501 (Tex. App.—Waco 1996, no pet.).  The Court seems to now take the position that we did not previously remand the proceeding.  I quote from the Court's original and fully dispositive opinion: "Consequently we abate the appeal and *remand* the case to the trial court… ." [emphasis added].)