IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00036-CR

 

Damond Javar Castle,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 08-05436-CRF-85

 



MEMORANDUM  Opinion



 








Damond Javar Castle filed a notice of
appeal regarding his April 15, 2010 conviction for aggravated kidnapping.  Tex. Penal Code Ann. 20.04 (Vernon
2003).  By letter dated February 15, 2011, the Clerk of this Court notified
Castle that the appeal was subject to dismissal because it appeared that the
notice of appeal was untimely.  See Tex.
R. App. P. 26.2(a)(1).  The Clerk also warned Castle that the appeal
would be dismissed unless, within 21 days of the date of this letter, a
response was filed showing grounds for continuing the appeal.  See Tex. R. App. P. 44.3.

This Court received notice that Castle
timely filed a notice of appeal on May 10, 2010.  At that time, this Court
assigned Cause No. 10-10-00234-CR to the appeal.  That appeal was transferred
to the Eleventh Court of Appeals in Eastland, Texas.  Therefore, the record
from that cause number is no longer before this Court.

On February 8, 2011, Castle filed a pro
se notice of appeal in this Court for his conviction that is pending on appeal
in the Eleventh Court of Appeals.  This Court does not have jurisdiction to
consider the appeal.

            Accordingly, this appeal is
dismissed.

 

                                                                        AL
SCOGGINS

                                                                         Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed March 2, 2011

Do
not publish 

[CRPM]


 







class=MsoFootnoteReference>[1]  We “‘do
not have jurisdiction to consider claims relating to the trial court’s
determination to proceed with an adjudication of guilt on the original
charge.’”  Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim.
App. 2006) (quoting Hogans v. State, 176 S.W.3d 829, 832 (Tex. Crim.
App. 2005)).  If an appellant raises such a claim, we “should
dismiss that claim without reaching the merits.”  Hogans, 176 S.W.3d at 832.

The specific issue presented on appeal is whether
the trial court erred by failing to a hold a hearing on Smith’s motion.  This
issue does not arise from the determination to proceed with an adjudication of guilt. 
See Buerger v. State, 60 S.W.3d 358, 361 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d) (article 42.12, section 5(b) does not bar a complaint
that the trial court erred in
failing to hold a hearing on the defendant’s motion for new trial); see also Amaro v. State, 970 S.W.2d 172, 173
(Tex. App.—Fort Worth 1998, no pet.) (same).  Because a motion for new trial is
a post-adjudication proceeding, we have jurisdiction to consider Smith’s first
issue.  See Buerger, 60 S.W.3d at 361; see also Amaro, 970 S.W.2d at 173.

Entitlement to a Hearing

Although a defendant does not have an “absolute
right” to a hearing
on a motion for new trial,
a trial court must hold a hearing when a defendant raises a matter “not
determinable from the record.”  Reyes v. State, 849 S.W.2d 812, 815-16 (Tex.
Crim. App. 1993).  However, the defendant must provide a supporting
affidavit showing reasonable grounds for holding that relief should be
granted.  See id. at 816.  Affidavits which are conclusory in
nature and unsupported by facts are insufficient to put the trial court on
notice that reasonable grounds for relief exist.  See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim.
App. 1994).  A trial court’s denial of a hearing on a motion for new
trial is reviewed for abuse of discretion.  See Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim.
App. 2003).

Smith timely filed a motion for new trial and
supporting affidavit, alleging that trial counsel was ineffective by failing to
advise him of his right to testify and by failing to present medical records.  Smith
argued that his testimony and the records would have rebutted his community
supervision officer’s testimony that he abused prescription medications, never
had surgery, and failed to provide medical documentation.[2] 
His affidavit states that trial counsel failed to present the medical records
as evidence on Smith’s behalf and that counsel:

[T]old me I was going to go back on probation when
I went to court.  He told me to just say not true and not to say anything
else.  I was never given a chance to say anything on my behalf.

 

Smith claimed that several facts presented at the
adjudication hearing were incorrect and complained of his counsel’s failure to
question the deputy sheriff, subpoena records, and present medical records as
evidence on his behalf.  Smith explained that the records would have revealed
that he was not “lying.”

Because Smith’s claim of ineffective assistance is
not determinable from the record, we must determine whether his affidavit shows
reasonable grounds which would entitle him to a hearing.  See Jordan,
883 S.W.2d at 665.  The State
argues that Smith’s affidavit is conclusory and insufficient because it neither
states that trial counsel actually failed to advise Smith of his right to
testify nor explains how Smith’s testimony would have resulted in a different
outcome.

However, Smith was not required to establish a prima
facie case.  See id.  For instance, in Porter v. State, No. 09-05-494-CR, 2007 Tex. App. Lexis 3525 (Tex. App.—Beaumont May 9, 2007, no pet.) (not designated for publication), Porter filed a motion for
new trial alleging ineffective assistance based on trial counsel’s failure to
advise him of his “absolute
right to testify” and explaining that he “wanted to place ‘material evidence
into the record . . . that goes to motive, character and bias of the
complaining witness.’”  Id. at *2.  Porter’s affidavit stated:

Well when it was my time to defend myself [trial
counsel] refused to put me on.  I begged and argued three different ways
telling him what my witness knew and all, he just refused.  My witness and I
were ready.  Had I known I had the right to just get up and walk to the witness
stand myself, my hand before God I would have.  When I realized he was not putting
me on I sat back sighed and rubbed my face and said, “okay.” At that point I
wanted to cry.  I knew I was doomed. . . .

 

Id. at *4.  The Beaumont Court found that “Porter’s
motion and affidavit raised the claim that trial counsel did not inform him he
had an absolute right to testify at the guilt-innocence phase of the trial.”  Id. at *5.  Because the record was “silent as to whether trial counsel informed
defendant of his right to testify,” the Court held that “Porter should be given
an opportunity to present underlying facts of consequence bearing upon the
alleged ineffective assistance claim, and, if there was a failure to inform,
facts bearing upon a harm analysis.”  Id. at *7.

Similarly, Smith’s motion and affidavit raise the
claim that trial counsel did not inform him of his fundamental right to testify,
resulting in his inability to rebut witness testimony.  His affidavit states
that trial counsel told him that he would receive probation.  Instead, Smith
received a twenty-year prison sentence.

Moreover, the record does not contain the
conversations between Smith and his trial counsel, and it is silent as to trial
counsel’s reasons for his actions.  See Mendoza v. State, 935 S.W.2d 501, 503 (Tex. App.—Waco 1996, pet. ref’d).  Absent a hearing on the motion, we cannot
determine the content of the conversations between Smith and his trial counsel.
 See Torres v. State, 4 S.W.3d 295, 297 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d).  The trial court
should have held a hearing on Smith’s motion so that he could have fully
developed the factual basis for his ineffective assistance claim.  See Wallace, 106 S.W.3d at 108 (the
purpose of a hearing is to allow the defendant an “opportunity to fully develop
the matters raised in his motion”).

Accordingly, we sustain Smith’s first issue and
remand this cause to the trial court for a hearing on Smith’s motion for new
trial.  Because we so hold, we will not address Smith’s second issue.  See Mendoza,
935 S.W.2d at 503-04.

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissents.  A separate opinion will not be issued.)

Reversed and remanded

Opinion delivered and
filed April 2, 2008

Do not publish

[CR25]

 

 









[1]               The current version of article
42.12 § 5(b) applies to adjudication hearings that occur on or after its
effective date of June 15, 2007.  See Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, §§ 5, 53, 68, 2007 Tex. Gen. Laws 4395, 4397, 4413-14.  Smith’s hearing occurred in February 2007.





[2]               Smith’s community supervision
officer testified that when Smith failed to report, he claimed to be suffering
from surgical complications, but never provided medical documentation.  Smith
also told the officer that he could not attend group therapy sessions because
he suffered from back pain and needed to lie on the floor, which the therapist
would not allow.  The officer was concerned that Smith might have been abusing
pain medication, but she raised no questions because the medication was
prescribed.