

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00396-CR
### NO. 02-14-00397-CR

MICHAEL SCOTT HAYNES                                       APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
## TRIAL COURT NO. CR13-0614, CR13-0615

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, appellant challenges this court's denial of his motion to abate this appeal to allow him to file—and the trial court to consider and hold an evidentiary hearing on—an out-of-time motion for new trial.  We affirm.

---
[1]*See* Tex. R. App. P. 47.4.

## Procedural Background

While represented by appointed counsel, appellant pled guilty pursuant to an open plea to the third degree felony offense of evading arrest with a vehicle. After a hearing to consider punishment, the trial court sentenced appellant to two years' confinement in TDCJ–Institutional Division. Seventeen days later, appellant filed a pro se notice of appeal, and the trial court appointed him counsel the next day. Appellant's newly-appointed appellate counsel filed a timely, unsworn motion for new trial and motion in arrest of judgment. Several days later, appellate counsel filed a "Motion for Reconsideration on New Trial and Motion in Arrest of Judgment Hearing," in which he stated, "The Defendant needs to develop testimony surrounding the voluntariness of his guilty plea. The only way to do that is from witness testimony during a hearing." The record does not show that the trial court expressly ruled on the motion for new trial and arrest of judgment, but a week after appellant filed the motion for reconsideration, the trial court signed an order indicating that appellant was not entitled to a hearing.

Five months after filing his notice of appeal, appellant filed in this court a motion seeking to have the appeal abated for him to file an out-of-time motion for new trial. Appellant indicated that he intended to attach to the amended motion an affidavit that he apparently sent to his appellate counsel before the motion for new trial period had expired but that counsel had not discovered in time to file an amended motion for new trial. In his motion, appellant contended that if the trial court believed the allegations in his affidavit, then he would be entitled to an

evidentiary hearing and could be entitled to a new trial because his plea was involuntary due to ineffectiveness of his appointed trial counsel. His grounds were that judicial economy "should be considered, to flesh out a possible ineffective assistance claim rather than wait for a Writ of Habeas Corpus to be filed." This court denied the motion. Appellant now raises as his sole issue that this court erred by denying the motion.

## Analysis

The court of criminal appeals has held that a court of appeals erred by abating an appeal for the trial court to hold an evidentiary hearing on a motion for new trial when the State claimed on appeal that the motion, which was not accompanied by an affidavit, was not timely presented.[2] *Price v. State*, 826 S.W.2d 947, 947–48 (Tex. Crim. App. 1990). The court of criminal appeals has also held that rule 21.4 prohibits a defendant from filing an amended motion for new trial later than thirty days after the imposition of sentence in open court, even upon leave of court. Tex. R. App. P. 21.4; *State v. Moore*, 225 S.W.3d 556, 558 (Tex. Crim. App. 2007). Although in *Jack v. State*, the court of criminal appeals dismissed the State's appeal of a court of appeals's abatement order for an out-of-time motion for new trial hearing, it did so because the appeal was interlocutory. 149 S.W.3d 119, 125 (Tex. Crim. App. 2004). Nevertheless, the

---

[2]Appellant has not alleged that he was denied counsel at a critical stage of the proceeding.

3

court of criminal appeals also noted in its opinion that the court of appeals had not cited any rule allowing such an abatement procedure.  *Id.* at 121.

On appeal, appellant cites rules 43.6 and 44.4 as authority for this court to abate the appeal for the trial court to hold an evidentiary hearing on an amended motion for new trial incorporating appellant's affidavit.  But rule 44.4 allows this court to abate only if a trial court's erroneous action, or failure or refusal to act, prevents the proper presentation of a case to this court.  Tex. R. App. P. 44.4(a).  It does not authorize this court to allow an out-of-time motion for new trial to develop a record so that a postconviction habeas proceeding may be avoided.  *See Fakeye v. State*, 227 S.W.3d 714, 717–18 (Tex. Crim. App. 2007) (explaining that court of appeals should not abate under rule 44.4 unless *trial court* "has erroneously withheld information necessary to evaluate a defendant's claim on appeal . . . or has prevented the defendant from submitting information necessary to evaluate his claim" and that not all trial court error should result in abatement under rule 44.4 even if error may have affected decision to plead guilty); *cf. Oldham v. State*, 977 S.W.2d 354, 359 (Tex. Crim. App. 1998) (op. on reh'g) (holding that "using Rule 2(b) to 'suspend' or enlarge appellate time limits which regulate the orderly and timely process of moving a case from trial to finality of conviction is overstepping the contemplated uses of Rule 2(b)" and this principle is not defeated by the goal of speeding up the process), *cert. denied*, 525 U.S. 1181 (1999).

Here, the record does not show trial court error because the trial court is not required to hold an evidentiary hearing on either an unsworn motion for new trial raising matters not determinable from the record or an amended motion for new trial filed later than thirty days after the imposition of sentence in open court. *See* Tex. R. App. P. 21.4; *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005); *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985).  Appellant has cited no other authority, nor have we found any, authorizing the relief he requests.

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 2, 2015

5